## The People ex rel. Ira P. Bingham v. The village of Brighton.

*Opening streets in villages under Chap. 72 Comp. Laws: Proceedings are judicial: How reviewed: Parties: Powers of the Justice: and of the jury.* The proceedings instituted under § 27 of the act to provide for the incorporation of villages ( *Comp. L.* § *2124* ) for the opening of streets, &c., are so far judicial in their nature as to be subject to review by the Supreme Court. The provision of the statute giving a party claiming damages an appeal to the Circuit Court, does not preclude this Court from exercising its supervisory power by *certiorari*, to review questions other than those of damages solely.

The village authorities become parties in the character of plaintiffs, or petitioners, when they decide to commence proceedings for the opening of a street.

The act of the Clerk of the corporation in issuing the *venire* is purely ministerial; and there is nothing in the act which prevents him from making the *venire* returnable before himself, if he happen to be also a Justice of the Peace.

Nor can the proceedings be removed from him on the ground that he is a material witness. The provision of the Justices act ( *Comp. L.* § *3776* ) which requires that when an affidavit shall be made that the Justice before whom the cause is pending is a material witness for the defendant, it shall be transferred to some other Justice, applies only to suits at law.

The jury must be composed of disinterested non-resident freeholders, and the return to the *venire* must show that the persons summoned have these qualifications. This is a jurisdictional requisite that cannot be supplied by parol, nor overlooked.

*Heard January 7. Decided January 10.*

*Certiorari:* To Herman C. Hause, Esq., a Justice of the Peace for the County of Livingston, to review the proceedings for the opening of Hamburg street in the village of Brighton.

The President and Trustees of the village of Brighton, a corporation created by an act of the Legislature of the State of Michigan, and made subject to Chapter No. 72 of the Compiled Laws, proceeding under section 27 of said chapter ( *Comp. L,* § *2124* ) to lay out a street to be known as Hamburg street, directed the Clerk of said corporation, as provided by the act, to issue a *venire* for a jury to determine the necessity for such street, and the compensation to be allowed to the owners of lands to be taken for that purpose. The Clerk holding also the office of Justice of the Peace, made the *venire* returnable before himself as such Justice. The *venire* commanded the officer to summon " twelve disinterested freeholders residing with-

20 MICH.—H.

out the limits of the village of Brighton." The return to the *venire* was in these words: "I certify that by virtue of the within precept, I have personally summoned each of the several persons below named, to appear at the time and place within mentioned." Following the signature of the constable are the names of twelve persons.

On the return day named in the *venire,*—June 10th, 1869,—the relator, Ira P. Bingham, appeared at the place appointed for the assembling of the jury, and upon his affidavit that the Justice was a material witness for him, moved that the proceedings be transferred to some other Justice; which motion the Justice declined to entertain. The relator also objected to the jury being sworn by the Justice before whom the *venire* was returnable, on the ground that he was the Clerk of the corporation, by whose order the proceedings had been instituted; which objection the Justice declined to entertain.

The jury then proceeded to view the premises, and having returned to the office of the Justice, the further proceedings he states in his return to the writ of *certiorari,* as follows:

"Thereupon the counsel aforesaid for the said President and Trustees of the village of Brighton offered and read in evidence to said jury, without objection, certain records of the votes, resolutions, orders and proceedings of the President and Trustees of the village of Brighton relative to the laying out and establishing of a public street in the said village, designated therein as Hamburg street, over the lands and on the line described in said *venire facias*. But which record, as I kept no minutes, and took no copies thereof, I, as such Justice of the Peace, am not able to certify and return, otherwise than by stating their purport and effect as aforesaid. The same being records kept by and in the control of the Clerk of said village, and over which I, as such Justice of the Peace, have no control. The said Ira P. Bingham, by his counsel

aforesaid, then produced as a witness before said jury, one John W. Power, and offered to prove by him certain records of the township of Brighton, which they claimed tended to show that the laying out and establishing of said street, designated as Hamburgh street, in the village of Brighton, by the President and Trustees of said village was unnecessary, to which offered proof, the President and Trustees aforesaid, by their counsel, objected to as being incompetent, immaterial, irrelevant and not pertaining to the subject of inquiry before the jury, which objection was sustained by the jury who refused to receive said evidence. Ira P. Bingham and Henry Soule were then each severally sworn as witnesses by the foreman of the said jury, and testified, each of them, as to the quantity of land claimed by each of them and embraced in the premises described in said *venire facias,* and the said Ira P. Bingham was examined by his counsel as to the value of such parts thereof as he claimed. Alanson P. Dickinson was then sworn as a witness at the request of the said counsel for said Ira P. Bingham, who then offered to prove by said witness his opinion as to the value of the whole premises described in said *venire facias,* and embraced in said Hamburgh street, to which offered evidence, the President and Trustees aforesaid by their said counsel objected to as being incompetent, immaterial, irrelevant and not pertinent to the subject of inquiry before said jury, which objection the said jury sustained and refused to receive said offered evidence; and thereupon no further evidence being offered, the said jury having heard the proofs and allegations of the parties, as aforesaid, and the arguments of counsel on either side retired to consider of their verdict to be given, and after being absent some time returned and delivered to me, the said Justice of the Peace, their verdict and assessment in writing duly signed by them and each of them, which verdict and assessment is hereunto annexed, marked exhibit " C," and is herewith

returned. And I do further certify and return, that upon the return of such verdict and assessment as aforesaid by the said jury to me, I, the said Justice of the Peace did enter the said verdict and assessment at length upon my docket, and did enter judgment thereupon in manner and form following, to wit, and upon the return of the verdict and assessment of the jury aforesaid, I, the said Justice do hereby render judgment therefor, and that the verdict and assessment aforesaid be, and the same is hereby confirmed."

The verdict affirmed the necessity of taking the lands as proposed, and assessed the damages of the relator at ninety-three dollars.

A *certiorari* to this Court having been allowed, July 12th, 1869, and the return of the Justice filed, a rule was entered requiring him to make further return in the matter, and that he give precisely the day and date of his judgment of confirmation of the verdict of the jury in said proceedings. To which the Justice made "further return, that the judgment of confirmation of the verdict of the jury in said order mentioned was made and entered on a piece of paper (in substance the same as heretofore returned) and laid in my docket for safe keeping until I could consult some one, as I had no form to make it by. I made the same on the day and at the time that I entered the proceedings in my docket, to wit, on or about the tenth day of June, A. D. 1869, being the day or the next day after I received the said verdict of the jury above referred to, but that the judgment referred to was not written on my docket in form as heretofore returned, until several days afterwards, to wit, on or about the 21st day of July, A. D. 1869, it was entered, in form and substance, the same as I had drafted it and left it in my docket on the day that I made the entry of the finding of the jury. The said entry of the judgment on 'the docket was written on the

same day and copied from the paper above referred to, after the service on me of the writ of *certiorari* in the matter referred to in said order, to wit, on or about the 21st day of July last, all of which is respectfully certified to and returned this 15th day of September, 1869."

The cause having been noticed for hearing in this Court, the respondents move to quash the *certiorari;* which motion, and the merits of the cause are argued together.

*H. H. Harmon,* on the motion to quash.

The defendants move to quash the writ upon two grounds: *First.* That it was improvidently and improperly issued. *Second.* That it is improperly directed.

We submit that it was improvidently and improperly issued: Because,

I. The proceedings sought to be reviewed are mere corporate acts, not judicial in character, done in the exercise of a power conferred by statute, and not subject to that mode of review. *People v. Mayor, &c., of New York, 2 Hill, 10; In matter of Mount Morris Square, 2 Hill, 14; Mayor of Albany, 23 Wend. 283; Harlow v. Pike, 3 Greenleaf, 438; 2 Bur. Pr. p. 194,* and cases there cited.

II. The relator had an adequate remedy by appeal: *Comp. L.* § *2124; Matter of Mount Morris Square, 2 Hill, 27,* and cases there cited; *People ex. rel. Woodward v. Covert, 1 Hill, 674; Wood v. Randall, 5 Hill, 264; Storm v. Odell, 2 Wend. 287; Comstock v. Porter, 5 Wend. 98; Parsons, C. J., in Savage v. Gulliver, 4 Mass., 178; People v. Farwell, 4 Mich., 566; Farrell v. Taylor, 12 Mich., 113.*

Upon the analogy of the statutes, section 4998 Compiled Laws, as amended by session laws 1861, page 466, in the case last cited, and the statutes in this case, section 2124, Compiled Laws. That case is decisive on this point.

It is improperly directed, because,—

1. It seeks to bring into this Court, for review, the

acts and proceedings of the President and Trustees of the village of Brighton, and to that end should have been directed to them and not to the Justice. See *Goodrich v. Com. of Lima,* 1 *Mich.,* 385 ; *Lawton v. Com. of Cambridge,* 2 *Caines,* 181.

2. The acts and proceedings of the Justice are ministerial and not judicial, and they together, with those of the jury, are but parts in the execution of a power conferred by statute on the President and Trustees. *In matter of Mount Morris Square,* 2 *Hill,* 19, 27 ; *Comp. L.* § 2124 ; *Revised Statutes, 1838, p. 535,* § 7 *and Revised Statutes, N. Y., p. 522,* §§ 106–7–8.

Upon the analogy of these statutes, *Root v. Barns,* 1 *Mich.,* 38 ; *Pugsly v. Anderson,* 3 *Wendell,* 468 ; *and People v. Supervisors of Queens,* 1 *Hill,* 195, are decisive on this point.

*Norris & Uhl,* for the relator.

The *Laws of 1867, vol. 2, p. 221,* incorporate a certain portion of territory as the village of Brighton, under the general laws of the State. Of such laws, §§ 991–1085 ( relative to highways ), are declared not to apply.

One section of these general laws ( § 2124 ) gives power to village authorities to take private property for public streets *without petition,* but a jury of " *twelve freeholders residing without the limits* " of the village must pass upon the questions of necessity and just compensation.

Subsequent to the passage of this general law, in 1859–60, *Art. xviii,* § 2, *of the Constitution,* was amended, by a clause that the provision relative to a jury of twelve freeholders should not apply to the official acts of Highway Commissioners.

Consequent upon that came the act of 1861, No. 163, to confer upon the municipal divisions of this State the

privileges of such amendment—the right of having private property condemned for public uses, *without a jury.*

The record and return in this matter raised these questions among others: Whether the law of 1861 confers this privilege or right upon villages not having a special charter? Whether such villages may proceed under *both* the *general laws,* § *2124,* and under *Laws of 1861, p. 256,* §§ *14, 19 ;* or that, having *begun* under the latter, may they *conclude* under the former? Whether, under the latter, the village authorities determine the "necessity," and, under the former, the jury are to enquire *only* into the "just compensation." We claim, then, that it appears from the record:

I. That neither the justice nor jury obtained jurisdiction in this matter.

1. Act No 163 of the session laws of 1861 supersedes the *general act* § *2124,* of the *Compiled Laws,* and no authority exists to direct the Clerk of an incorporated village, where there is no charter, to issue a *venire facias* for the summoning of a jury in proceedings of this nature, and no jurisdiction is conferred by such *venire.—Laws of 1861, Act No. 163.*—The Legislature would not intentionally authorize two bodies to act upon the same subject matter with co-ordinate jurisdiction.—*People v. Highway Com. of Nankin, 15 Mich., 353.*

2. Because it was illegal and against the policy of the law, for the Clerk to make the *venire* returnable before himself, though Justice as well as Clerk.

II. It must affirmatively appear upon the record that the jurors summoned, and who appeared in obedience to such *venire,* were *freeholders* residing *without* the limits of the village in which the proceedings were pending, and the property proposed to be taken situated. In this record it does not so appear.—*Angell on Highways,* § *191 ; Nichol v. Bridgeport, 23 Conn., 208, 209, 213* ; *Farrington v. Morgan, 20 Wend. 208.*

THE PEOPLE *v.* BRIGHTON.

1. In proceedings of this nature, every requisite of the statute must be complied with and appear upon the face of the record. *Angell on Highways,* § *188 ; Barney v. Buffalo, 15 Barb., 453 ; Rex v. Hollingfield, 2 M. and Sel. 558 ; Hill et al. v. M. & H. R. R. Co., 5 Denio, 206, and 3 Seld., 155 : Dunlap v. Mt. Sterling, 14 Ill., 253 ; Hobart v. Frisbie, 5 Conn., 592, and see Michigan cases cited below.*

2. As it does not appear the jury were "*freeholders residing,*" etc., their determination is void, even if objection was not made at the hearing below to their being sworn for that cause. It is immaterial whether it was raised in the proceeding under review or not, as it is a question of *jurisdiction.—Harrington v. The People, 6 Barb., 607 ; People ex rel. Lord v. Robertson, 26 How. Pr. R. 90 ; 1 Doug., 384, 390 ; 5 Mich., 409 ; 6 Mich., 281 ; 4 Mich., 177.*

3. But objection *was* made to the swearing of the jury. alleging as " *a* ground of objection :" *a.* Because the Justice was Clerk. *b.* Because " the proceedings," etc., (and among these was the *officer's return*) were *illegal.*

III. It was the duty of the Justice to transfer the proceedings upon presentation of the affidavit of Ira P. Bingham.—*Comp. L.* § *3776.*

IV. There was error in refusing to hear the evidence of the witnesses—Power and Dickinson.

1 In proceedings contemplating the taking of private property for public use or convenience, it is the duty of the jury or commissioners, as the case may be, to *hear all the proofs and allegations of the parties,* as well as to view the premises.—*Angell on Highways,* § *107; T. & B. R. R. Co. v. Lee, 13 Barb., 169.*

This Court will review, on *certiorari,* the rulings of law upon the admission or exclusion of testimony, or other rulings in the proceedings having a bearing upon the result.—*Hyde v. Nelson, 11 Mich., 353 ; Jackson v. The People, 9 Mich., 111.*

V. There was no *such judgment* confirming the verdict and assessment of the jury "upon *the return* of the same," as would authorize the trustees in taking further steps toward the opening of the street in question.— *Comp. L. § 2124.*

1. At the time of the service of the writ upon the Justice, no judgment appears *upon the record,* and the writ is to *bring up* and *try the record,* as it *exists* at the service, at least.

2. It was the duty of the Justice to return to this Court the record of the proceedings before him, without any subsequent *alterations or additions.*—*Burrill's Prac., 2d vol., 196 ; 2 Hill, 9 ; 8 Cowen, 13 ; 27 Illinois, 140 ; 7 Cowen, 108 and 137.*

*H. H. Harmon,* for the respondents.

I. The question of jurisdiction in this case ( if any ) goes beyond the limits of the writ. The issuing of the *venire* under which the jury were impanneled in this proceeding, was not the act of the Justice, nor yet in legal parlance was it the act of the Clerk of the village. It was the act of the President and Trustees.—*Comp. L. § 2124.*

It is necessary to a proper understanding and determination of the question, that all the proceedings of the President and Trustees relating to the matter should be before the Court. The writ in this case does not reach these proceedings. They were not and had not been before the Justice.— *Goodrich v. The Com. of Lima, 1 Mich., 385 ; Lawton v. Com. of Cambridge, 2 Caines, 181.*

The acts and proceedings of the Justice are not *judicial,* but *ministerial,* and together with those of the jury, are but parts in the execution of a power conferred by statute on the President and Trustees. In this proceeding they are the act of the President and Trustees, and the records are with them.— *Comp. L. § 2124; People v.*

*Mayor, etc., of N. Y.,* 2 *Hill,* 9 *; Matter of Mount Morris Square,* 2 *Hill,* 14 *; Goodrich v. Com. of Lima, above cited ; Root v. Barns,* 1 *Mich.,* 38 *; Rev. Stat.,* 1838, 535, § 7 *; Pugsley v. Anderson,* 3 *Wend.,* 468 *;* 1 *Rev. Stat., N. Y., p.* 522, §§ 106, 107, 108 *; People v. Supervisors of Queens,* 1 *Hill,* 195.

It is not necessary that the *venire* should recite jurisdictional facts. It is but *a step* in the performance of a mere corporate act by the President and Trustees, and the facts of jurisdiction appear in the records of *their* proceedings; not in those of the Justice. We submit that this Court will not review them and attempt to decide the question of jurisdiction, until these proceedings are all properly before it.

II. The Justice had no judicial discretion in this proceeding. He was to swear the jury.—*Comp. L.* § 2124.— He was not to decide preliminary questions.—*Pugsley v. Anderson,* 3 *Wend.* 468 *;* 1 *Rev. Stat., N. Y., p.* 522 *; Root v. Barnes,* 1 *Mich.,* 38 *; Rev. Stat.,* 1838, *p.* 535, § 7.

The statute, § 3776 *Compiled Laws,* does not apply to this case. It applies only to actions before Justices of the Peace, in which pleadings are had and issue joined by the parties. The Justice had no power to transfer the proceedings, or to hear and decide objections.

III. The Justice had no power to inquire into and decide upon objections to proceedings. His office was merely ministerial.—§ 2124 *Comp. L.*—He was to swear the jury, receive their verdict and render the judgment prescribed by the statute confirming it. He had no power to reject it; none to refuse to confirm it; no judicial discretion whatever.—*Pugsley v. Anderson,* 3 *Wend.,* 468, *and other cases cited above.*

True, he was Clerk of the village, &c., but he was not *then* acting as clerk. He issued the *venire* as Clerk, two days before. In that he was merely the amanuensis

of the President and Trustees. The issuing of it was their act, not his.

IV. The oath administered to the jury is the statute oath.—*Comp. L.* § *2124.*

V. The evidence offered by the witness, John W. Power, was not competent. The acts and proceedings of the President and Trustees were not under review. The jury were not impanneled to try the validity of their acts, nor to inquire into the necessity of the street. That was the peculiar duty and exclusive province of the President and Trustees. They had performed that duty, and it remained *only* for the jury to decide upon the necessity of using the premises for the purposes of the street; the street being already established by an act of the President and Trustees, not subject to review or reversal by them.—*Comp. L.* § *2124, and analogous proceedings under act for incorporation of Railroad Companies; Comp. L.* § *1965 ; Hinchman v. City of Detroit, 9 Mich., 103.*

VI. The evidence offered by the witness Dickinson, was not competent. The value of the *whole* premises was not in question. The question was as to the damage to be awarded to the relator, and it could involve no further inquiry by the jury than as to the value of that part of the premises claimed *by him.* Evidence had just been given as to the extent of his claim, and he had been examined as to its value. The jury had the record of the proceedings of the President and Trustees. They had viewed the premises. Bingham and Soule had been examined and testified as to the extent and value of their respective claims. They therefore acted upon some evidence. And this Court will not review their finding upon the facts, or attempt to decide upon the *weight* of evidence. If there is *any evidence* it will sustain the finding.—*Hyde v. Nelson, 11 Mich., 353 ; Linn v. Roberts, 15 Mich., 443.*

VII. The drawing up and leaving in his docket, by the Justice, is a sufficient entry of the judgment, if any en-

try at all was essential. But there is nothing in the statute that requires any entry at all.—*Comp. L.* § *2124.*—It is submitted that under this statute, it is not at all essential to the validity of these proceedings, that he should even *render* judgment. He has no judicial discretion. " He shall render judgment therefor, confirming the same," says the statute. He has no choice; no judicial power over it. *He must conform.* He cannot reject. His judgment is the peremptory mandate of the statute. His duty is merely clerical. For all the purposes of these proceedings the verdict alone is sufficient, and this upon the principle that " What the law declares shall be done, it will regard as done."

CAMPBELL, CH. J.

This is a *certiorari* to a Justice of the Peace, residing in the village of Brighton, to bring up certain proceedings in his custody, whereby steps were had to open a street and determine damages to the land owners.

The proceedings were had under § *2124* of the *Compiled Laws,* relating to the incorporation of villages, which provides that when the President and Trustees deem it necessary to establish streets, and cannot agree with the property owners, they may direct the Clerk to issue a *venire* to the Marshal or any constable, commanding him to summon and return a jury of twelve disinterested freeholders, residing without the limits of the village, to appear before any Justice of the Peace in said village, at a time to be therein stated, to enquire into the necessity of using such grounds or premises and the just compensation to be made therefor. The law requires the jurors to be sworn by the Justice, and after viewing the premises, if they deem it necessary for the village to use the lands, to inquire into and assess the damages. The Justice, upon the return of the assessment or

verdict is required to "render judgment therefor, confirming the same."

In the present case the Clerk of the village, who was also a Justice, in pursuance of directions from the President and Trustees, issued a proper *venire*, returnable before himself as such Justice. The return of the constable is in these words: "I certify that by virtue of the within precept, I have personally summoned each of the several persons below named, to appear at the time and place within mentioned." To this was subjoined a list of twelve names.

Relator appeared before the Justice and made affidavit that he was a necessary witness, and applied to have the matter transferred to another Justice, which was refused. He also objected to the Justice because he was also village Clerk. These objections being overruled, the jury was sworn, and went out in charge of an officer to view the premises, and then returned to the Justice's office, where they heard testimony, and then retired and brought in their verdict, signed and delivered it to the justice, who wrote out on paper a judgment of confirmation, which he afterwards entered on his docket. The jury rejected certain testimony going to show that the improvement was not necessary, as well as some other less important evidence.

Objection is made to the jurisdiction to issue *certiorari* in such cases, and a motion is made to quash the writ, as improvidently granted. The chief grounds rest upon the nature of the proceedings, and also upon the claim that there is a remedy by appeal.

We think the proceedings so far judicial in their nature as to be subject to revision. The Constitution required the necessity for taking the lands and the compensation to be determined by a jury.—*Const. Art. 15,* § *15.*—The statute requires a *venire* to be returnable before a Justice, and requires the Justice to render judgment upon the return, which is for damages as well as the taking of the land. No further steps are had unless some one appeals. We think

the case comes within the practice long followed in this State, and that the proceedings are in their nature open to review upon their legality by *certiorari*, unless the appeal supersedes it. But the appeal seems designed only to review the question of damages.—*C. L.* § *2124.*—It does not reach the question whether the lands should be taken; and that is the chief ground of the complaint.

It is claimed also that the whole proceeding is the act of the village in its corporate capacity. We do not think so. The village authorities decide nothing more than whether they will commence proceedings, to have the land condemned. Having so done they become moving parties in the character of plaintiffs or petitioners. The jury, which is the tribunal of decision, is required to consist of free-holders not residing in the village, and the Justice's judgment becomes a debt against the village. The legal proceedings which appear in the record of such a transaction, begin with the *venire* and end with the confirmation, and all of these are in the custody of the Justice, who has the means of making a return. He cannot return the village action—which does not appear to be judicial, and cannot go back of the *venire* which opens his own jurisdiction. But all subsequent matters are in his exclusive possession after the proceedings terminate. We are, therefore, required to consider this record, to ascertain whether it is open to complaint.

We think there is nothing in the objection that the same person acted as Justice and Town Clerk. The issuing of the *venire* was purely ministerial, and the Clerk is in no sense a party to the proceedings. As the Justice is required to reside in the village, it might easily happen that if this double official capacity disqualified, there would be no one to act at all. The statute has made no exclusion, and there is no rule of law requiring it. Neither does the statute providing for the removal of causes from one Justice to an-

other apply to special proceedings. It relates only to suits at law.—*2 C. L.* § *3776.*

We think there is no doubt that under the constitutional provisions requiring the necessity for using the property, as well as the damages, to be ascertained by the jury, ( *Const. Art. 18,* § *2,* ) the jury cannot be debarred by the action of the village authorities from determining whether the proposed improvement is required. If a road is proposed over a given line, the location of the line determines what land is to be taken, and to inquire whether it is necessary to take a given parcel of land in order to lay it out on that line, would be an idle ceremony. The object of the provision was to prevent abuses in the shape of needless public works, and the jury cannot properly act upon any decision, but their own sworn belief. And, therefore, they should not reject testimony bearing upon that question. Under this statute, not being residents, they are not presumed to be fully informed of local desires or necessities, and they are bound to exercise an intelligent, as well as impartial judgment.

We have deemed it proper to refer to this subject, as there appears to be some misapprehension upon it. It is doubtful, whether upon this writ, we have the means of inquiring into the acts of the jury in receiving or rejecting testimony,—inasmuch as this statute provides no means for preserving evidence of such action, as has been done under some other statutes on like subjects. As the case will be disposed of on other grounds, we content ourselves with this intimation, without deciding how far the Justice is connected with the inquest.

The law requires the officer to summon under the *venire* twelve disinterested non-resident freeholders. The law in regard to all special proceedings in derogation of private rights, requires the jurisdiction and regularity to be manifest on the face of the record, and no substantial omission can be supplied by presumption or by evidence resting in

parol. The officer who summons the jury is bound to show by his return that he has summoned such as answer the description in the writ.

The return here does not show the jurors to have been either freeholders or non-residents. Both of these qualifications are essential to their ·jurisdiction. The officer selects whom he pleases, and he is bound to select competent persons. There is no one authorized under this statute to rectify any of his mistakes. And the parties must depend upon his official certificate in the first instance, and have no means of correcting the panel. The regularity of the record depends upon this state of facts appearing on it. Such a jurisdictional requisite cannot be supplied or overlooked. A private citizen might as well assume to act in lieu of a judicial officer, as any but non-resident, disinterested freeholders, to sit on such an inquest. The quality must appear.

It is somewhat singular that the verdict is quite as silent as the return. It does not recite anything whatever concerning the qualifications of the jurors.

For this jurisdictional defect, the proceedings are invalid, and must be quashed.

The other Justices concurred.