## Marcus N. Horton v. The City of Grand Haven.

*Constitutional law : Taking of private property : Necessity. Section 15 of article XV,* of the constitution, which provides that "private property shall not be taken for public improvements in cities, etc., without the consent of the owner unless compensation be determined by a jury, etc.," does not dispense with ascertaining the *necessity* of such taking, as provided in *section 2 of art. XVIII.— Campau v. Detroit, 14 Mich., 283 ; People v. Brighton, 20 Mich., 69.*

*Heard April 4. Decided April 16.*

*Certiorari* to the Recorder's Court of the city of Grand Haven.

*Boynton & Pratt,* for plaintiff in *certiorari.*

No counsel appeared for defendant in *certiorari.*

CHRISTIANCY, CH. J.

This case comes before us upon a writ of *certiorari* issued to the recorder's court of the city of Grand Haven, for the purpose of bringing up certain proceedings there had in behalf of the city for condemning certain lands of the plaintiff in *certiorari* for a street.

A single question is decisive of the case. It appears by the return, that not only the resolution of the common

council and the notice given by them, for the calling of a jury, but the *venire* issued, were for a jury merely "to inquire into and determine the just compensation to be made to the owners of the grounds and premises or the persons interested therein, for using said grounds and premises," etc., without requiring them to ascertain the necessity of using or taking the same. And the jury were sworn only to inquire into and determine such compensation; and their verdict actually rendered, determines this only, without in any way alluding to the necessity for taking or using the property.

This, it is true, was in exact compliance with the act incorporating the city as amended by the act of 1867. But this act, so far as it authorizes the taking of private property for public improvements without having the necessity for so using it, first determined by a jury or by commissioners, is in direct conflict with *section 2 of article XVIII.* of the constitution of this state, if that section applies to the case. The section is in these words: "When private property is taken for the use or benefit of the public, the necessity of using such property, and the just compensation to be made therefor, except when to be made by the state, shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

This language is general, and so far as relates to ascertaining the necessity, seems, so far as any thing in this section appears, to have been intended to apply to all cases of taking private property for public use, unless perhaps where compensation is to be made by the state, and whether such cases constitute an exception, we express no opinion.

The prohibition of this section against using private property without first ascertaining the necessity of such use,

must, therefore, be held to extend to the present case, unless its effect is, in this respect, limited by some other provision of the constitution. The only provision of this kind which can possibly be claimed, is that in *section 15 of article XV.*, entitled "Of corporations," which is in these words: "Private property shall not be taken for public improvements in cities and villages, without the consent of the owner, unless the compensation therefor shall first be determined by a jury of freeholders, and actually paid or secured, in the manner provided by law."

This section, of itself, does not require the necessity of using the property to be first ascertained, and upon a first view might seem to have been intended,—as the legislature in this instance seems to have understood it,—as a complete provision in itself, taking cities and villages out of the operation of *section 2, of article XVIII.* But there is nothing in the meaning of the language used, or its grammatical construction, which conflicts with the general prohibition in *section 2, of article XVIII.*, so far as relates to ascertaining the necessity for using the property; both are negative in form and prohibitory in effect; and the prohibition in each may have full effect without conflict or inconsistency; the latter requiring the determination of the necessity and the compensation in all cases by a jury or commissioners, without requiring actual payment or security as a prerequisite to the use of the property by the public, while the former does not allow the taking at all against the will of the owner, in *cities and villages*, unless the *compensation* shall be first determined by a *jury*, and the compensation paid or secured before the property is taken for use, but being silent as to the determination of the necessity. Upon the latter point both may, therefore, have full effect without conflict.

If we depart from the fair interpretation and natural

construction of the language, and endeavor to find the intent from what we might otherwise infer to have been the object, we can discover no object or reason for requiring the necessity for the taking to be ascertained elsewhere, which does not apply with equal force in cities and villages. If needed elsewhere, it was equally needed there.

Though this point was not expressly decided, it was assumed, and we think correctly, in *Campau v. The city of Detroit, 14 Mich., 283 and 284;* and though the section was not cited, its application in cities and villages was also assumed in *People v. Brighton, 20 Mich., 69 and 70.*

We are satisfied this is the true construction; and the act in question, being in this respect in direct violation of *section 2 of article XVIII.* of the constitution, is to this extent invalid, and all the proceedings in the present case for determining the compensation merely, and for taking the property without ascertaining the necessity, were without authority of law.

The judgment and all the proceedings must, therefore, be reversed and set aside, with costs to the plaintiff in *certiorari.*

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, J., did not sit in this case.