CITY OF PONTIAC *v.* LULL.

111  509
f149 ³674

1. EMINENT DOMAIN—PETITION—DESCRIPTION OF LANDS AFFECTED —SUFFICIENCY.

The requirement that petitions for the condemnation of land shall separately describe the land owned by each respondent, and state his interest therein, is to enable the jury to determine the damages suffered by each; and an objection that certain of the parcels affected are not so described is unavailable, where the owners of such parcels have given their assent to the proceedings, and have agreed to convey their interests.

2. SAME—PARTIES—RIGHT OF PASSAGE.

A petition in condemnation proceedings will not be held invalid for failure to set up that certain persons have a right of passage over the premises sought to be condemned, where such right would be in no way impaired by the appropriation of the land for the purpose contemplated.

3. SAME—NECESSITY—OPINIONS OF WITNESSES.

The admission in evidence, in proceedings to condemn land for a street, of the opinions of certain witnesses as to the necessity of taking such land for public use, is not a substantial error, where the jurors are from the vicinage, the testimony is full, showing the relation of the proposed improvement to public travel and other streets, and the witnesses give the facts on which their opinions are based.

4. SAME—REMARKS OF COUNSEL—HARMLESS ERROR.

A statement in the opening argument of counsel for the city in proceedings to condemn land for street purposes, that any testimony showing a benefit is to be considered by the jury in arriving at the amount of damages to be awarded, is not ground for a reversal, if no evidence as to benefits is given upon the trial, and the jury are clearly instructed to give respondent the value of his land, and all damages sustained by him.

Appeal from Oakland; Moore, J. Submitted October 21, 1896. Decided February 2, 1897.

Proceedings by the city of Pontiac against Albe A. Lull and others to condemn land for street purposes. Respondent Lull appeals from an order confirming the verdict of the jury.   Affirmed.

This is a proceeding to condemn lands for a public street in the city of Pontiac.   The petition was filed, in the name of the city, by the city attorney, setting forth the resolution of the common council, in which the property proposed to be taken was described by metes and bounds, and consisted of a strip of land 50 feet wide and 310 long, and extending westerly from the west line of Williams street to Pike street.   The petition alleged:

"That the names of the owners and others interested in the said parcel of land so far as aforesaid necessary to be taken, and proposed to be taken, for said improvement, as far as the same can be ascertained, including those in the possession of said premises, are as follows, to wit: A. A. Lull, Lucretia A. Heath, the heirs of Charles Fish, who are, as near as can be ascertained and determined, Frederick S. Stewart and the heirs of Nelson P. Stewart, who are Adaline Johnson, Helen McConnell, and Frederick S. Stewart."

Respondent Lull appeared and objected to any proceedings under the petition, because it "did not specifically describe the several parcels of land, or give the separate names of the owners of such separate parcels of land, and did not in any way specify or describe the separate lands or parcels owned severally by the respondents." · The petitioner ·thereupon asked leave to amend, which was granted, and the petition was amended so as to definitely describe the land proposed to be taken from respondent Lull, which was a strip off the south side of his lot, six feet wide on the east end, and one foot wide on the west end.   Respondent Lull then filed an answer in which he set up the same objections above mentioned, and also others.   Respondent Heath answered, disclaiming any interest "in the strip of land 44 feet wide included in the description given in said petition, which is now open to

public use as a street, and also disclaiming any interest in any portion thereof lying north of said 44-foot strip." She was the executrix of the estate of Daniel W. Heath, and, in her answer, consented that the petitioner might take the triangular strip of land belonging to the estate, which was situated south of the 44-foot strip, and similar in shape to the piece which was taken from Mr. Lull's land. The other respondents answered, disclaiming any interest in the lands proposed to be taken. The issue, as thus framed, went to trial, resulting in a verdict and judgment that a public necessity existed for the taking of the land, and awarding damages to Mr. Lull, who has appealed the case to this court.

*Samuel W. Smith* and *Aaron Perry*, for appellant.

*Peter B. Bromley*, for appellee.

GRANT, J. (*after stating the facts*). 1. It is insisted on behalf of Mr. Lull that the description in the amended petition is different from the description in the original petition and in the resolution of the common council, which is the basis for the proceeding. We do not concur in this view. The description is sufficiently definite in the original petition, and, if there is any change, it is to the advantage of the respondent Lull, by taking a few inches less of his land. We think, however, that the description in the amended petition corresponds with the resolution, and describes the north line of the proposed street as was intended by the council.

2. It is next urged that the petition is fatally defective in that it does not separately describe the land owned by each respondent, and state his or her interests therein; citing *Chicago, etc., R. Co.* v. *Sanford*, 23 Mich. 418; *City of Owosso* v. *Richfield*, 80 Mich. 328; *Toledo, etc., R. Co.* v. *Detroit, etc., R. Co.*, 62 Mich. 569 (4 Am. St. Rep. 875); *Toledo, etc., R. Co.* v. *Munson*, 57 Mich. 42; *Mansfield, etc., R. Co.* v. *Clark*, 23 Mich. 519. Those cases do not control this. The purpose of describing the

land owned by each party, and his interest therein, is to enable the jury to determine the damages which each has suffered, and for which the public should pay. *Chicago, etc., R. Co.* v. *Sanford*, 23 Mich., at page 427. All the other owners in this case had either disclaimed any interest in the land proposed to be taken, or had assented to the proposed improvement, and had agreed to convey their interest. The land proposed to be taken from Mr. Lull was described, and the only damage he could suffer was the value of the land taken, and the damage to his adjoining property by reason of the improvement.

It is contended that he had an interest, as found by the jury, in the 44-foot strip, and that, therefore, this interest should have been set up in the petition. This interest was only that of the right of passage over the 44-foot strip, which he had in common with others who lived in the vicinity. This right was not destroyed by appropriating the strip for a street. His right of passage continued the same, and the jury found that he suffered no damage in this respect. It was not, therefore, essential to describe this interest in the petition, even if it were known to the petitioner.

3. Witnesses were permitted to give their opinion as to the necessity of taking this land for public use. This was objected to by the respondent Lull as "calling for a conclusion." Such testimony has been held incompetent. *City of Detroit* v. *Brennan & Co.*, 93 Mich. 338; *City of Grand Rapids* v. *Bennett*, 106 Mich. 528. But in *City of Detroit* v. *Brennan & Co.* we refused to reverse the judgment on account of its admission, holding that, under the facts of that case, the jury could not have been misled by the answer. The statute providing for appeals in these proceedings says that this court may "for any substantial error reverse the judgment and grant a new trial." 3 How. Stat. § 3064*n*. Early in the trial the jury were sent to view the premises. The jurors were from the vicinage. The testimony was very full, showing the relation of this proposed improvement to the

public travel and the other streets, the schools, churches, fire department, and the business parts of the city. Maps of the city were in evidence. The witnesses who testified that, in their opinion, the improvement was a public necessity, as well as those who gave their opinion to the contrary, gave the facts upon which their opinions were based. While the court should have excluded the testimony, we do not think its admission was a substantial error.

4. In his opening statement to the jury, counsel for the city stated, "Of course, any testimony in the case showing a benefit is to be considered by you, in arriving at the compensation or damages that you will award Mr. Lull." This statement was objected to for the reason that such testimony should not be considered by the jury. The court did not directly pass upon the question, but said to the jury that they would be governed by the testimony offered, and by the law as given by the court. Exception was taken to this statement of counsel, and it is now insisted that the case was submitted to the jury upon the theory that they might consider such benefits. The learned counsel are mistaken in this view. The question of benefits was not submitted to the jury, and they were clearly and fully instructed to give to the respondent the value of his land, and all the damage he had sustained. Counsel have not referred to any testimony given upon this point, and there is nothing to indicate that it was referred to after the opening statement.

5. Many objections and exceptions were taken to the admission and rejection of testimony. This opinion would be of great length were each of these questions discussed. None of them raise questions which are of importance to the profession, or to the parties to this litigation. It is therefore sufficient to state that we find no error in them.

6. The instruction of the court was a clear and explicit enunciation of the law applicable to condemnation proceedings. It covered fully the rule as to public necessity

111 MICH.—33.

and the measure of damages. It would be profitless to discuss the errors alleged upon this branch of the case. We find no error in the charge.

7. The jury, in their verdict, returned that one Mrs. Treadway and one Mrs. Voorheis were interested in the 44-foot strip of land. This strip had for some time been used by the parties in the vicinity as a private, if not a public, way. Pike street, as originally platted, extended both east and west of the land in controversy. Prior to these proceedings the city had done some work in grading, cutting down, and excavating the 44-foot strip in question. Neither Mrs. Treadway nor Mrs. Voorheis had any other interest in the land than the right of passage. The jury found that they were not damaged, and were not entitled to any compensation. The court was therefore correct in striking their names from the verdict, and instructing the jury that there was no proof that either had any interest in the land.

The judgment is affirmed.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. MOORE, J., did not sit.