CITY OF GRAND RAPIDS v. COIT.

1. MUNICIPAL CORPORATIONS—EMINENT DOMAIN—STREET IMPROVE-
   MENTS.

   Where a city has express power to grade and widen streets and
   to take private property for public use, it has power to go
   outside the boundaries of an existing street and take private
   property for the purpose of widening and otherwise improv-
   ing it.

2. NEW TRIAL—INADEQUATE DAMAGES—INCREASING AWARD—CON-
   DEMNATION PROCEEDINGS.

   Where the damages awarded in condemnation proceedings are
   inadequate, the remedy is a new trial, and the court cannot
   deny the landowner's motion for a new trial on that ground
   on condition that petitioner will submit to an increased
   award fixed by the court.

3. EMINENT DOMAIN—NECESSITY OF IMPROVEMENT—QUESTION' FOR
   JURY.

   Where the only purpose of a proposed street improvement, in-
   volving the taking of private property, is to make an easier
   grade, the landowner has a right to the verdict of the jury on
   the question whether the making of an easier grade, in the
   manner proposed, is a public necessity, and rulings on instruc-
   tions which result in a charge which does not give effect to
   this rule are erroneous.

4. SAME—NECESSITY OF IMPROVEMENT—EVIDENCE.

   In proceedings to condemn land for the purpose of widening a
   street and making an easier grade, testimony that other
   streets in the immediate vicinity, which might be improved
   without taking private property, would accommodate exist-
   ing and anticipated traffic equally well, is competent on the
   necessity of the proposed improvement.

5. SAME—EVIDENCE—OPINIONS,

   The opinions of witnesses as to the necessity of a proposed im-
   provement are incompetent.

6. SAME—EVIDENCE—HEARSAY.

   Testimony that certain interested property owners, named, had
   appeared before the board of public works as protestants and
   later withdrew their objections and stated that they were
   perfectly pleased, was incompetent, as hearsay.

7. Same—Evidence—Necessity of Improvement.
    Testimony by the president of the board of public works that
    the proposed improvement was *most patiently* and carefully
    considered before the plan was adopted was incompetent.

Appeal from the superior court of Grand Rapids; Stuart, J.   Submitted June 19, 1907.   (Docket No. 71.) Decided October 4, 1907.

Proceedings by the city of Grand Rapids against Clara M. Coit and others to condemn land for street purposes. There was judgment confirming the award of the jury, and defendants appeal.   Reversed.

*Gleason & Lee,* for appellants.

*Moses Taggart* and *R. M. Ferguson,* for appellee.

Ostrander, J.   Hall street in the city of Grand Rapids runs east and west, is 66 feet wide and about 2¼ miles long.   It is intersected about one-third of a mile from its west terminus by Grandville avenue, west of which intersection the street has never been graded although for 20 years and more it has been opened and in public use. Some 647 feet west of Grandville avenue, Hall street is intersected by Godfrey avenue.   Between Grandville and Godfrey avenues, and running northeasterly from Hall street, are Underhill street and E street, and the first street north of Hall street, connecting Godfrey and Grandville avenues, is Curve street.   Grandville avenue is 64.7 feet higher than Godfrey avenue.   The common council of the city determined in October, 1904, that the opening and widening of this 647 feet of street was a public necessity, and that it was necessary to take private property for that purpose.   It thereupon filed in the superior court of said city its petition under the provisions of Act No. 124, Pub. Acts 1883, as amended by Act No. 48, Pub. Acts 1887, and by Act No. 236, Pub. Acts 1889:

" To acquire the right to take private property for the use and benefit of the public, without the consent of the

owners thereof for the purpose of opening and maintaining a public street thereon in said city —— feet wide from Grandville avenue to Godfrey avenue together with land for slopes and enbankments as necessary to secure between the limits above named a uniform grade for said Hall street of not to exceed 6½ per cent. for the use and benefit of the public."

It is, and was, proposed to make a road 33 feet in width, not straight, but in the form of the letter S, so as to reduce the grade from a 10 per cent. to a 6½ per cent. grade.  Three parcels of land are involved, for each of which the jury, having found,—

"That the opening and widening of Hall street, a public street in the city of Grand Rapids, from the west line of Grandville avenue, a public street in said city, to the east line of Godfrey avenue, a public street in said city, together with land for slopes and embankments as necessary to secure between the limits above named a uniform grade for said Hall street of not to exceed 6½ per cent., is a necessary public improvement, and that it is necessary to take and use the private property described in the petition on file in this cause for the use and benefit of the public for the proposed public improvement in said petition described," awarded the owners compensation.

Appellants did not object to the grading and improvement of the street, and they concede that the plan of improvement proposed involves the taking of their land. They assert it is not necessary to improve the street in the proposed manner; that no public necessity requires the taking of their property.  Upon this question, much testimony was introduced.  Petitioner having rested, appellants asked that the case be taken from the jury for the reason that it appeared that Hall street had been a public street, 66 feet wide, in actual use, for more than 20 years, and that as matter of law the city had not the power to go outside the street boundaries and take private property for the purpose of the contemplated improvement.  The overruling of this motion is the first of the alleged errors presented in the brief for appellants.

For one parcel of land, the compensation awarded was

$20.85 less than the smallest valuation placed upon it by any witness. A motion for a new trial being made, the court made an order that one be granted unless the city would consent to increase the award $25. This the city did. It is contended that the court had no authority to thus increase the award, and that the motion for a new trial should have been granted without condition.

It is contended, also, that improper testimony was introduced by petitioner, and the charge of the court is criticised.

1. The power of the city to grade and widen streets is express. This, we think, answers the first contention made.

2. The lowest value placed by a witness upon the land known as parcel No. 1 was $335, the highest $1,195.30. The compensation awarded by the jury was $314.15. See *City of Grand Rapids* v. *Perkins,* 78 Mich. 93. This award the petitioner, exercising the option given it by the court, consented to increase to the sum of $339.15. The theory of the attack upon verdicts claimed to be excessive or inadequate is that they are not supported by evidence. The remedy is a new trial. The practice of refusing a new trial if the owner of the verdict will remit the recovery to an amount which the evidence, in the judgment of the trial court, will support, is one of long standing. In cases where the evidence affords a standard or rule for calculating the sum which should be awarded, the practice, whether the verdict is excessive or is inadequate, is open to no objection. Where the award depends upon conflicting testimony, and especially where the allowance to be made rests, of necessity, in the sound judgment of the jury, this asserted and admitted power of the courts is sparingly exercised. In any case, the one in whose favor the verdict is rendered is given the option to remit or submit the issue to another jury. The general rule is that when a trial court determines that the damages, awarded upon conflicting evidence, are inadequate, a new trial will be granted, and that the court cannot render

judgment for an amount greater than the verdict, nor can a new trial be refused on condition that the defendant pay a sum fixed by the court.   14 Enc. Pl. & Pr. p. 755; *Lorf* v. *City of Detroit*, 145 Mich. 265.   In condemnation proceedings, the petitioner is not, as to the compensation to be awarded, a plaintiff.   The court was in error in refusing a new trial.

3. It was said by Chief Justice CAMPBELL, in *People* v. *Village of Brighton*, 20 Mich. 57, 71:

" We think there is no doubt that under the constitutional provisions requiring the necessity for using the property, as well as the damages, to be ascertained by the jury, the jury cannot be debarred by the action of the village authorities from determining whether the proposed improvement is required."

See, also, *City of Grand Rapids* v. *Railroad Co.*, 58 Mich. 646; *Commissioners of Parks and Boulevards* v. *Moesta*, 91 Mich. 149; *In re Powers' Appeal*, 29 Mich. 504.   In the matter before us, the petitioner is by its action committed to the improvement of this street in a manner which, carried out, must of necessity take the land in question.   The purpose and only purpose of the proposed plan is an easier grade.   It is a necessary conclusion that the real question to be decided by the jury was whether the making of an easier grade, in the manner proposed, was a public necessity.   The court declined to instruct that,—

" If you find that this street may be improved without taking private property, and that there are other streets in the immediate vicinity that may also be improved without taking private property, and that such improvements would together accommodate the general public more fully or equally fully with the improvement proposed, then I instruct you your verdict in this case must be for the defendants."

A request that " whether or not other methods of accomplishing the ends desired may not be adopted without the necessity of taking private property," was also refused and, instead, the jury were told they were—

"Not to consider the improvements of other streets that might be used in lieu of Hall street between Grandville avenue and Godfrey avenue, but the improvement of Hall street at such point itself.    *   *   *

"You are not to consider improvements that might be made in the future, for all these things are matters of uncertainty, but the conditions that are there now and the necessities that exist and what is proposed to be done, are for you to consider to determine upon the necessity of it for there must be a public necessity for the opening and widening of this street as proposed by the petitioner before the property of any of the respondents can be taken therefor."

The jury were also instructed to—

"Consider the settlement that is in that valley that is to be accommodated in getting out, or what will be there soon, and the points to which the street leads in getting across the city to the eastern part thereof, and what use would be made of the street and what streets are now in that locality, if any, that are in position that they can be used so as to obviate the necessity of this improvement in opening and widening this street, going down the hill."

Taken together, the instructions given do not, in this case, give effect to the rule of *People* v. *Village of Brighton*, supra. Petitioner is a party litigant and it may be assumed that it has the power to improve any of the unimproved streets running from Grandville avenue to Godfrey avenue. Land 66 feet in width is already appropriated for and used as a way. In a sense, a new appropriation of this land, together with adjoining privately owned lands, is attempted, for the purpose of public convenience. Undoubtedly, a grade of 6½ per cent. is preferable to one of 10 per cent. But a 10 per cent. grade does not, for a short distance, prevent the free use of a street. It does not appear that there is any considerable traffic to or from the particular locality of the proposed improvement. If that share of the existing and anticipated traffic required to be accommodated by the use of a way with a lesser grade may be as well or nearly as well convenienced by the improvement of another way, taking

149 Mich.—43.

no private property therefor, and there was testimony tending to support such a conclusion, the jury might have found, if permitted so to do, that the proposed improvement was unnecessary. As has been stated, the vital question was not whether the property sought to be condemned will be useful in carrying out the improvements determined upon by the petitioner, but whether the particular improvement is, itself, a public necessity. We are of opinion that the testimony referred to was calculated to assist the jury in arriving at a proper determination of this question.

For petitioner, over objection, and, later, for respondents, witnesses were permitted to answer questions expressly calling for an opinion concerning the necessity of taking the property for a public street. The president of the board of public works was asked by counsel for petitioner, "Was this matter before your board several times before action on the proposed plant?" and answered, "The matter was most patiently considered, very carefully and deliberately." The same witness stated that certain interested property owners, named, had appeared before the board of public works as protestants and later withdrew their objections and stated they were perfectly pleased. Motions to strike out these statements were denied. Another witness was permitted to testify that three members of the board of public works and the city engineer together examined the street and agreed that the plan proposed was the best one. The opinion evidence referred to was incompetent. *City of Detroit* v. *Brennan & Co.*, 93 Mich. 338; *City of Grand Rapids* v. *Bennett*, 106 Mich. 528; *City of Pontiac* v. *Lull*, 111 Mich. 509. In view of these decisions, the questions calling for opinions should not have been put. The hearsay evidence referred to was incompetent, as was that concerning the patient consideration of the matter by the board of public works.

The verdict is set aside and a venire de novo awarded.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.