(No. 2880.    April 7, 1924.)

CITY OF ALBUQUERQUE v. HUNING.

SYLLABUS BY THE COURT.

1.    A city has power of eminent domain to acquire property outside the city limits for public parks.

2.    It can do so only upon petition of its taxpayers who pay a majority of the taxes in said city.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Condemnation proceedings by the City of Albuquerque against A. Huning. Judgment for defendant, and plaintiff appeals. Affirmed.

H. B. Jamison, of Albuquerque, for appellant.

John F. Simms, of Albuquerque, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. The city of Albuquerque filed its complaint to secure condemnation of appellee's land for park purposes. A demurrer was interposed, raising the propositions that the complaint failed to state a cause of action, in that it disclosed that the land sought to be appropriated lay without the city limits, and that the petition failed to show the consent of the taxpayers of the city. The demurrer was sustained, and the complaint dismissed, and the cause is here on appeal.

[1] 1. The first proposition raised by the demurrer is that the proceeding is to condemn property for park purposes which lies outside the city limits, which, it is argued, is not allowable. Reliance is had upon the general doctrine that municipalities have no jurisdiction beyond their limits, unless specially authorized by statute. Claim is made that our statutes do not so provide.

The general power to condemn property for park purposes is conferred upon municipalities by section 2112, Code 1915. This section, standing alone, does not authorize the condemnation of property for parks outside the city limits, although counsel for appellant argues that it does, relying upon the construction given it in Raton v. Raton Ice Co., 26 N. M. 300, 191 Pac. 516. In that case the question was whether section 2112, Code 1915, was limited by subsection 91 of section 3564, Code 1915, which restricts municipal corporations in the exercise of power of eminent domain for waterworks property to two miles beyond the city limits.

We held that the latter section would not control the general power to condemn lands for waterworks granted by section 2112 and subsection 70 of section 3564, Code 1915, and that, owing to the nature of the necessity of cities to go outside their limits frequently for their water supply, and by reason of some other sections of the statutes, cities have power to condemn property for such purposes at any distance beyond the city limits.

There is another section of the statute, however, which was not involved in the Raton Case, and which has important bearing on this subject, and it is section 3697, Code 1915, and is as follows:

"Any town or city, through its council or board of trustees, may acquire by purchase, gift or donation any property for park purposes within or without the city or town limit: Provided, that property for park purposes shall no be purchased by any board, except upon petition of tax payers representing a majority of taxes paid upon property within the town or city limit: Provided, further, that in case of a gift or donation to any town or city of property for park purposes, the council or board of trustees is authorized to pay all expenses of transfer or conveyance and the examination of title: Provided, that whenever a park or property therefor is acquired, the same shall come immediately under the control of the park commission."

This section clearly contemplates the acquisition of property for park purposes outside the city limits by purchase. No question of want of power in the city could be made if it were proposed to buy the land in question. The city has a general grant of power of eminent domain for the acquisition of park property, unrestricted by any terms of the statute. The restriction on the city to activities within its own limits arises out of the principle that public or city purposes cannot, ordinarily, be subserved except within the city itself. The acquisition of land outside the city limits, however, is by this statute declared to be a proper public and city purpose.

We have then this condition of affairs: The city has the power to acquire for park purposes land without the city limits, and, upon complying with the

conditions mentioned in the statute, has the power to pay out the city's money in the acquisition and improvement of the same. The city has the general power to condemn property for park purposes, unrestricted by any terms of the statute as to whether the land is within or without the city limits. Under such circumstances we believe that the power to condemn is necessarly implied. The mere fact that the words, "purchase, gift or donation," are employed in the statute does not exclude the power of eminent domain, for condemnation in real substance and effect is nothing more nor less than a purchase of the property, involuntarily, it is true, on the part of the landowner. See 20 C. J. Em. Domain, § 2, and cases collected in note 11.

Again, the fact that the city has the power to pay out the people's money for such purposes and engage in park improvement makes implication of the power to condemn sure and certain. It has been so held. St. Louis R. Co. v. Fayetteville, 75 Ark. 534, 87 S. W. 1174; Chic., etc., R. Co. v. Cicero, 154 Ill. 656, 39 N. E. 574; Grand Rapids v. Coit, 149 Mich. 668, 113 N. W. 362; State v. Stevenson, 164 Wis. 569, 161 N. W. 1.; 20 C. J. Em. Domain, § 24; 4 McQuillan, Munic. Corp. §1495. There is authority to the contrary. State v. Sup. Court King Co., 68 Wash. 660, 124 Pac. 127, Ann. Cas. 1913E, 1076, and note.

There is another consideration of importance. In determining whether the power is to be implied, a more liberal construction is to be indulged in favor of a public corporation exercising the power strictly for the public benefit. 1 Lewis, Em. Domain (3d Ed.) § 371. It is likewise to be remembered that the implied power is the more readily to be admitted whenever the same is necessary in order to enable the public corporation to carry out the purposes of the grant, as in this case. Unless condemnation is allowed, the city in this instance will be prevented absolutely from carrying out the establishment of this park by reason of its inability to agree with the owner on a voluntary purchase. In

this way the whole park program of the city may be defeated. While we appreciate the care with which this sovereign power of eminent domain is guarded by the courts, we believe we are fully warranted in holding, as we do, that the power is necessarily implied in this case.

[2] 2. This statute (section 3697, Code 1915), however, presents some obstacles to the maintenance of the present proceeding. It requires a petition of the taxpayers who pay a majority of the taxes in the city before the public revenue of the city can be expended to acquire property for parks lying inside or outside the city limits. This is not shown by the complaint to have been done, and the point was raised by the demurrer. If this petition is required, it is a condition precedent to the acquisition of the property by the city. Counsel seeks to avoid this consequence by suggesting that the landowner has no interest in the matter; he not being shown to be a taxpayer in the city. This argument does not seem to have any force. The landowner certainly has the right to insist that the proceedings to take his property are valid. See 2 Lewis, Em. Domain (3d Ed.) § 901; 10 R. C. L. Em. Domain, § 179; 4 McQuillan Munic. Corp. § 1535.

Certain procedural questions are presented to the effect that the court did not acquire jurisdiction in the manner provided by the statute. We deem the proceeding to be insubstantial, because of the requirements of section 2098 et seq., Code 1915.

It appears from all of the foregoing that the judgment of the district court is correct, and should be affirmed, and it is so ordered.

BRATTON, J., concurs.

BOTTS, J., having been of counsel in the court below, did not participate.