[No. 3341. March 10, 1930.]

[Rehearing Denied April 12, 1930.]

CITY OF SANTA FE v. LAMY.

[286 Pac. 422.]

M. W. Hamilton, of Santa Fe, for appellant.

E. P. Davies, of Santa Fe, for appellee.

OPINION OF THE COURT

CATRON, J.

This is an action brought by the City of Santa Fe to condemn certain lands owned by appellee for street purposes. Appellees' demurrer to the petition was sustained, and appellant having declined to amend, judgment of dismissal was entered and appeal taken.

The city filed its petition alleging, in substance, that a certain strip of land owned by defendant is necessary and indispensable to the opening of a street for public traffic; that a disagreement had arisen as to the purchase price to be paid; that it desires to acquire, condemn, and purchase same in conformity with the provisions of section 212 (part of chapter 34), Code 1915.

The defendant demurred upon the grounds that the petition fails to set forth facts sufficient to constitute a cause of action or entitle the plaintiff to the relief demanded; that the petition fails to conform to the provisions of chapter 98, Laws of 1923, and show that the city council of the city of Santa Fe had made any provisional order to the effect that the land in question is sought to be opened as a street or had ordered the city engineer or other competent engineer to make a provisional estimate of the property within the limits of the city which would be benefited by the proposed improvement; that the necessary action was taken by the city council fixing a time and place at which owners of property sought to be condemned might be heard as to the propriety and advisability for making such improvement; that any notice of the time and place of a proposed hearing before the city council had been given by publication; that the major portion of the nonprotesting property owners had determined as to the advisability of opening said land as a street and wholly failed

to show any compliance with any of the provisions of said chapter 98.

The court sustained the demurrer, holding:

"That the said demurrer be and the same is hereby sustained, to which action of the Court the said plaintiff objects and excepts; and the said plaintiff having in open court elected to stand upon the said petition, it is further ordered that the said cause be and the same hereby is dismissed, to which action of the Court the said plaintiff objects and excepts."

Appellant contends that the proceeding is brought under the provisions of chapter 34, Code 1915, and has for its object the condemnation of certain lands necessary and indispensable for public traffic and street purposes; that the damages are to be paid by the city out of city funds and no assessments are to be made against property benefited by the opening of Pepita street; that chapter 98, Laws 1923, is merely supplemental to the condemnation act, does not repeal same by implication or otherwise, and only applies when assessments are to be made against property benefited by the opening and widening of a street; that therefore chapter 98 has no application to this case, and the sufficiency of the petition must be tested by chapter 34.

Chapter 34 relates primarily to condemnation by railroads, telegraph, and telephone companies, but by section 2112 the provisions of said chapter are extended to incorporated cities for certain purposes, including, among others, condemnation for streets.

Appellee concedes that chapter 98 is merely supplemental to the condemnation act and does not by implication repeal same, but contends that it specifies conditions precedent to any condemnation proceeding having for its object the opening or widening of streets, and that a petition in such condemnation proceeding must allege that the conditions precedent have taken place.

Chapter 98 is entitled, "An Act Relative to Making Assessments Against Property Benefited From Opening and Widening of Streets." The act only prescribes conditions precedent in case assessments are to be made against property benefited. It does not purport to be the ex-

clusive method in all cases. It only prescribes a new procedure which must be followed under certain conditions. Unquestionably, if the object of the petition were to make assessments against property benefited by the opening of Pepita street, then chapter 98 would not only prescribe the conditions precedent but also the sole method of procedure. Inasmuch, however, as the petition has no such object but endeavors to condemn at the expense of the city, the procedure is controlled by chapter 34, and chapter 98 has no application.

We are not unmindful of the holding of this court in the case of City of Albuquerque v. Huning, 29 N. M. 590, 225 P. 580. This, however, was a proceeding to condemn certain lands for city park purposes. Section 3697 of Code 1915 requires a petition by the taxpayers who pay a majority of the taxes in the city before the public revenue of the city can be expended to acquire property for parks lying inside or outside the city limits. We there had a statute prescribing a condition precedent to the acquisition of property. We have no such statute in the case now before us.

What we have held does not dispose of this case. It still remains to consider whether the petition states facts sufficient to constitute a cause of action under chapter 34, Code 1915. One ground of the demurrer attacks the petition because it does not set forth facts sufficient to constitute a cause of action or to entitle the plaintiff to the relief demanded. Section 2098, Code 1915, which is a part of chapter 34, requires the filing of a petition setting forth "the general directions in which it is desired to construct their railroad * * * over such lands" and "a description of the real estate or other property which the company seeks to acquire," also "a particular description of the property of each owner."

The only description contained in the petition is as follows:

"A strip of land forty and one-tenth (40.1) feet wide and one hundred fifty feet long, more or less, located within the exterior boundaries of Lots Nos. One (1), Two (2), Seven (7), Eight (8), Nine (9) and Ten (10) in Block No. One (1) of Hickox Boulevard Addition to the City of Santa Fe as per plat filed in

Book 'P' of deeds on page No. 218, in the County Recorder's Office of Santa Fe, New Mexico, the said strip of land being a part of and wholly necessary to the opening of that certain street designated as Pepita Street, as the same is set forth by metes and bounds in the dedication made on June 10, 1926, to said City of Santa Fe, of Stern's Second Addition and as accepted by the City Council, to which reference is hereby made for the exact location and determination of said piece of land sought to be condemned herein."

An examination of the foregoing description clearly shows that the petition falls far short of the requirements; it merely designates that a strip of land 40 1/10 feet wide and 150 feet long, located some place within the exterior boundaries of lots 1, 2, 7, 8, 9, and 10, block No. 1, Hickox Boulevard addition to the city of Santa Fe, is sought to be condemned.

We must therefore hold that the trial court correctly sustained the demurrer to the petition. Judgment of the trial court must be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SIMMS, JJ., did not participate.