## THE CITY OF OWOSSO v. WILLIAM RICHFIELD ET AL.

*Eminent domain—Street-opening case—Jury—Oath—Notice—Constitutional law.*

1. Art. 18, § 2, of the Constitution, provides for a jury of twelve *freeholders* where private property is taken for the use of the public, and a provision of a city charter that the jury, in such a case, shall be composed of twelve inhabitants of the city, qualified to serve as jurors in courts of record, is repugnant to such constitutional provision, such jurors not being required to be freeholders.

2. The oath administered to the jury in a street-opening case is the measure and limit of their legal action, and must plainly require them to determine the *necessity* of taking the land sought to be acquired for *public use;* and an oath which simply requires the jury "to ascertain the necessity for *using* the property intended to be taken, if it be intended to take any, for such improvement," is not sufficient.

3. A city charter which requires the marshal to make his return of the service of notice in a street-opening case *at least* six days before the day appointed for the hearing means six *full* days.

4. A charter provision requiring that notice of a resolution in a street-opening case, and of the proposed action thereunder, shall be posted in some conspicuous place upon the property intended to be taken, where substituted service is required, is construed as requiring such notice to be posted on the land of the absent respondent.

5. A resolution in a street-opening case is held fatally defective because not containing the separate descriptions of the land proposed to be taken, and the names of the several owners. *Railroad Co. v. Sanford*, 23 Mich. 418.

*Certiorari* to Shiawassee.    (Newton, J.)    Argued April 16 and 17, 1890.    Decided April 25, 1890.

The respondent Richfield appealed from proceedings taken to lay out and establish a street in the city of Owosso, and brings *certiorari* to review such proceedings, which were affirmed on such appeal in the circuit court. Proceedings quashed.    The facts are stated in the opinion.

*Watson & Chapman*, for plaintiff in *certiorari*.

*S. F. Smith*, for petitioner, and respondent in *certiorari*.

GRANT, J. This is a *certiorari* to the circuit court for the county of Shiawassee, to determine the validity of certain proceedings taken before a justice of the peace, for the purpose of establishing and opening a street, and condemning the lands of defendant and others for the use thereof.

The common council passed a resolution declaring that they deemed the establishing and opening of the street a necessary public improvement, describing the proposed street by metes and bounds, and fixing the time when the council would apply to Newton Baldwin, one of the justices of the peace,—

"For the drawing of a jury to ascertain the necessity for using the property so as aforesaid intended to be taken for such improvement, and to ascertain the just damages and compensation to be paid to the owners."

The resolution further provided for publication of the resolution.

Application was made to said justice September 26, 1889, the day fixed by the resolution. Nine persons owned the different parcels of land proposed to be taken; Richfield owning lots F. and G. The marshal of the city made service upon the different owners. Richfield was a non-resident, and could not be found. The marshal returned that fact, and that he made service "by posting notice on premises." The marshal was directed and sworn by the justice to summon 24 disinterested persons, residing in the city of Owosso, and qualified to serve as jurors, wherefrom to form a jury. A jury was selected, and were sworn—

"To faithfully, impartially, and to the best of their ability, discharge the duty imposed upon them in ascertaining the necessity for the taking of private property for public use in the intended improvement, deemed necessary by the common council of the city of Owosso, in the resolution adopted August 19, 1889."

The jury made their report laying out the street and awarding damages, which report was confirmed by the justice. Richfield thereupon appealed to the circuit court, in accordance with the provisions of the charter, and that court affirmed the proceedings.

The proceedings were absolutely void for various reasons.

1. Article 18, § 2, of the Constitution, provides that,—

"When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, * * * shall be ascertained by a jury of twelve freeholders residing in the vicinity of such property, or by not less than

three commissioners, appointed by a court of record, as shall be prescribed by law."

The charter of the city of Owosso (section 109) provides that the jury shall be composed of inhabitants of the city qualified to serve as jurors in courts of record in this State.  Jurors are not required to be freeholders.[1] It is of no consequence that the common council by their resolution determined that it was necessary to take the property for public use.  Under our Constitution, that fact is left solely to the determination of a jury. This provision of the charter is therefore repugnant to the Constitution, and void.

2. The charter (section 114) provides that the jury shall ascertain the necessity for *using* the property intended to be taken, if it be intended to take any, for such improvement, and the just damages and compensation to be paid, etc.  The oath administered by the justice to the jurors was substantially in the words of this provision of the charter.  The provision of the charter of the city of Grand Rapids, and the oath administered to the jury in the case of *Powers' Appeal*, 29 Mich. 504, appear to have been the same as those in the case at bar.  It was there held that the oath was the measure and limit of the legal action of the jury, and that no legislation could be sustained which did not plainly require this question to be left to the jury.  Even if it could be maintained that the oath administered to the jury was in compliance with the Constitution, still we must hold that it was extrajudicial, because it was not such as was required by the provisions of the charter.  Section 112.

3. The charter (section 107) requires that the marshal shall make his return at least six days before the day appointed for the hearing.  The return was not made within this time, and the justice in consequence had no

---

[1] See How. Stat. § 7555.

jurisdiction to proceed. In these proceedings all the provisions of the statute must be strictly followed, or jurisdiction fails.

4. The charter providing for a substituted service in case the owner could not be found was not complied with.[1] The return of the marshal does not show that he posted the notice upon the land of Richfield. Posting notice upon any other land embraced in the proposed street would not be such as the statute contemplates. The object of this substituted service is that it may be seen by some agent or friend of the owner, and that in this way he may receive actual notice.

5. The proceedings were fatally defective, in that the resolution, which is in reality the petition presented to the justice, did not contain the separate descriptions of the land proposed to be taken, nor the names of the owners. *Chicago, etc., Railroad Co. v. Sanford,* 23 Mich. 418.

The judgment of the court below must be reversed, and the proceedings quashed.

The other Justices concurred.

---

[1] The charter provided for posting the notice in some conspicuous place upon the property intended to be taken.