BOARD OF WATER COMMISSIONERS OF THE CITY OF DETROIT *v.* LORMAN.

CONSTITUTIONAL LAW — EMINENT DOMAIN — MUNICIPAL CORPORATIONS—NECESSITY FOR PUBLIC IMPROVEMENT—DUE PROCESS OF LAW.

A statute which, read as a whole, fails to provide for a determination by a jury of the question of necessity for public improvements for which private property is to be taken, is unconstitutional, nor is it sufficient that the act provides for a verdict as to the necessity for taking the property only. Constitution of 1850, Art. xviii, § 2.

Certiorari to Wayne; Murphy, J. Submitted October 13, 1909. (Docket No. 70.) Decided November 5, 1909.

Condemnation proceedings by the board of water commissioners of the city of Detroit against Jeanette Lorman. An order quashing the petition is reviewed by petitioner on writ of certiorari. Affirmed.

*Richard I. Lawson* (*P. J. M. Hally*, of counsel), for petitioner.

*Angell, Boynton, McMillan & Bodman*, for respondent.

This is certiorari to review the action of the circuit court for the county of Wayne in quashing and setting aside certain proceedings launched by the petitioner for the purpose of condemning lands of the respondent for public use. The act under which petitioner proceeded is entitled "An act to amend the laws relative to supplying the city of Detroit with pure and wholesome water," approved February 14, 1853 (Act No. 90, Laws 1853), and the acts amendatory thereof (Act No. 359, Laws 1873). Sections 18 and 19, as amended by the law of 1873, so far as are relevant, are as follows:

"Section 18. The board shall have the power to take in fee, or to enter upon and use private property or land, within or without the limits of the city of Detroit, for the purposes specified in this act. In case all the persons interested in said property or lands, and the commissioners, shall not be able to agree upon the compensation to be paid for such taking, * * * the commissioners shall tender or cause to be tendered to said persons, severally, such sums of money as the board shall deem a just compensation therefor. * * * But if any of said persons shall not accept said money, * * * the commissioners, by themselves or by attorney, shall present * * * a petition. * * * The petition shall also demand a jury to determine the necessity of taking said property, or of entering upon and using said land therein described, and the compensation to be paid to the several persons therefor. * * *

"Section 19. If no sufficient cause be shown against granting such demand, the court shall immediately make an order to summon twelve freeholders of said county to

158 Mich.—39.

ascertain and determine the necessity of taking such property by the said commissioners, or of entering upon and using said land for the purposes aforesaid, and to appraise and determine the compensation to be allowed therefor. * * * The jury, being so impaneled as above provided, shall then be sworn to discharge their duties faithfully, impartially, and according to the best of their ability. * * * Immediately after such view is had, or, if there be none, then after the jury is sworn, if no adjournment for good cause be granted, they shall proceed at the bar of said court, and, in its presence and under its direction as to matters of law, to hear and try all questions of fact as to the necessity of the taking of said property by the board, or of the entry upon by the commissioners, and using said land for the *purposes aforesaid*, and to determine according to their best judgment the just compensation to be paid therefor to the several persons interested. The commissioners shall have the right to open and close the case, and the court shall charge the jury as to such matters of law as shall be deemed necessary. The jury shall then retire for deliberation upon their verdict to be rendered, and shall remain together until they agree as to the question of necessity of taking or entering upon and using said property or land, and if such necessity be found, then as to the amount of compensation to be paid to the several persons interested therein. * * * "

The petition filed in the circuit court averred:

" (1) That it was, and is, deemed necessary and expedient by said board to acquire the fee to land owned by Jeanette Lorman, who resides in the township of West Bloomfield, Oakland county, and State of Michigan, for the use and purposes of said board, as defined and declared by the law under which said board was created, and under which said board is performing and discharging its functions. * * * Wherefore your petitioners, said board of water commissioners of the city of Detroit, hereby demand a jury to determine the necessity for taking said property or land, and to fix and determine the compensation to be paid to the said Jeanette Lorman, the owner in fee of said land or property."

It is the claim of the petitioner that the authority to exercise the right of eminent domain is conferred by the sections of the act quoted.

Respondent claims that the act is unconstitutional for two reasons:

(1) Because the act does not require the jury to pass upon the public necessity for the proposed improvement, but requires it only to determine the necessity for taking the property in question, and fix the compensation for the same.

(2) Because the oath prescribed for the jury is insufficient.

BROOKE, J. (*after stating the facts*). In the case of *Powers' Appeal*, 29 Mich. 504, this court had under consideration the charter provision of the city of Grand Rapids relative to condemnation proceedings, which provided that the jury be summoned "to ascertain the necessity of using the property to be taken for such improvement," and that they be sworn "to discharge the duties imposed on them faithfully, impartially, and according to their best abilities." The majority opinion (which determined the case upon other points) held that the language quoted, *supra*, was open to the objection that the jury are not to pass upon the necessity of the improvement itself, but only upon the necessity for taking the property (the necessity for the improvement having been theretofore determined by the common council). The court said:

"It was held in *People, ex rel. Bingham,* v. *Village of Brighton*, 20 Mich. 57, that the jury is not called upon merely to determine whether a particular piece of land is necessary to an improvement already designated by some one else, for that would be an idle ceremony, and the fact could be determined by measurement, and involve no important discretion. The object of the constitutional provision is to prevent the taking of private property for any purpose which is not shown to the satisfaction of a jury to be demanded by public convenience, or, to speak more accurately, by necessity."

Again, in *Paul* v. *City of Detroit*, 32 Mich. 108, the court said:

"The proceedings are in brief as follows: The common council, having resolved that they deem the opening

of an alley a 'necessary public improvement,' direct the city attorney to apply to the recorder's court for a proper jury * * * 'to determine the necessity for using said property, and the just compensation to be made therefor.' * * *

"A similar provision as to form of the notices and other proceedings was discussed in *Powers' Appeal,* and its ambiguity pointed out. This notice is the only written instruction which the jury receive to guide them in their action, and, when they are informed that the council have 'determined to make such improvement' and 'to take therefor, such property as may be necessary,' the inference is almost irresistible that they are only to inquire whether the land described is necessary for the alley, and not whether the alley is necessary. This is the very evil intended to be avoided by the Constitution as explained in *People, ex rel. Bingham,* v. *Village of Brighton,* 20 Mich. 57."

In *City of Owosso* v. *Richfield,* 80 Mich. 328 (45 N. W. 129), in considering a charter provision similar in language to the act here involved, the court held the same to be repugnant to the Constitution (article 18, § 2), and therefore void. See, also, *Berrien Springs Water Power Co.* v. *Berrien Circuit Judge,* 133 Mich. 48 (94 N. W. 379, 103 Am. St. Rep. 438).

It may, then, we think, be fairly said that it is the settled law of the State that, where a statute conferring the right of eminent domain fails to impose upon the jury the duty of determining the necessity for the proposed improvement as well as the necessity for the taking of the property in question, it is unconstitutional and void.

It is claimed by petitioner that the rule laid down in the three cases, *supra,* has been modified, and cites to that effect *City of Grand Rapids* v. *Railroad Co.,* 58 Mich. 641 (26 N. W. 159). The opinion in that case was written by Mr. Justice CAMPBELL, and was concurred in by all his associates. It lays down no different rule from that announced in the earlier cases, but holds that, taking the whole act (there under consideration) together, it evidently means "such a finding as the Constitution war-

rants." In other words, the court found in that case that under that statute the jury must pass as well upon the necessity for the improvement as for the taking of the property therefor. To the same effect is *City of Detroit* v. *Beecher*, 75 Mich. 454 (42 N. W. 986, 4 L. R. A. 813), and *Fort Street Union Depot Co.* v. *Morton*, 83 Mich. 265 (47 N. W. 228).

The question at issue in the case at bar is, then: Can we gather from the whole act here under consideration that the jury to be impaneled thereunder must pass upon the necessity for the improvement as well as upon the necessity for taking the land? The act provides:

"SECTION 18. The board shall have the power to take in fee, or to enter upon and use private property or land."

If unable to agree with the owners, the commissioners shall present to the Wayne circuit court "a petition in the name of the board, setting forth a description of the several parcels of property which they seek to acquire," etc. "The petition shall also demand a jury to determine the necessity of taking said property, or of entering upon and using said land therein described, and the compensation to be paid to the several persons therefor," etc. Section 19 provides that the jury may be summoned "to ascertain and determine the necessity of taking said property by the said commissioners," etc., and prescribes the form of the oath to be administered. The petition filed in the circuit court under the foregoing provisions states:

"That it was and is deemed necessary and expedient by said board to acquire the fee to land owned by Jeanette Lorman * * * for the use and purposes of said board, as defined and declared by the law under which said board was created, and under which said board is performing and discharging its functions. * * *
"Wherefore your petitioners, said board of water commissioners of the city of Detroit, hereby demand a jury to determine the necessity for taking said property or land, and to fix and determine the compensation to be paid to the said Jeanette Lorman, the owner in fee of said land or property."

We think it is obvious that nowhere in the act is it provided, either in terms or by necessary implication, that the jury is to pass upon the necessity for the contemplated improvement. Indeed, a fair reading of its terms impels us to the conclusion that the legislature intended to clothe the board with that power, conferring upon the jury only the right to pass upon the necessity of taking the land specified for the purpose of carrying out a plan predetermined by the board. This is plainly the construction the board itself has placed upon the act, for nowhere in the petition is the court or jury advised of the character or scope of the improvement contemplated by the board. It is stated simply that it is "for the use and purposes of said board, as defined and declared by the law," etc.

It is unnecessary to discuss the alleged insufficiency of the oath. Were it clear from other portions of the act that the constitutional duties had been imposed upon the jury, the oath might be held to be sufficient; but, inasmuch as the act requires amendment in its other provisions, the oath itself will doubtless be amended so as to clearly conform to constitutional requirements.

The order of the circuit court quashing the proceedings is affirmed.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.