BLACK HILLS & N. W. RY. CO. et al. v. TACOMA MILL CO.

(Circuit Court of Appeals, Ninth Circuit. March 4, 1904.)

No. 988.

1. INJUNCTION—ADEQUATE REMEDY AT LAW—CONDEMNATION PROCEEDINGS.

An injunction will not be granted to restrain proceedings by a railroad company to condemn land for right of way in Washington on the ground that it is not for a public use, since, under the statutes of the state, as construed by its Supreme Court, that question may be litigated in the condemnation proceedings.

Appeal from the Circuit Court of the United States for the Western Division of the District of Washington.

This is a suit in equity brought by the appellee to restrain the appellants from proceeding with a certain condemnation suit for the appropriation of

lands of the appellee. Affidavits were filed in support of the bill, and counter affidavits in opposition to the application for a temporary injunction. At the hearing an interlocutory decree was entered, granting the injunction prayed for. The case is now before this court on appeal from the interlocutory decree.

Considering the events connected with this suit in chronological order, it appears that the Black Hills & Northwestern Railway Company, appellant herein, petitioned the superior court of Washington for the condemnation of a right of way across certain lands belonging to the Tacoma Mill Company, appellee herein, alleging that the petitioner was a corporation organized under the laws of Washington, and engaged in the construction of a line of railroad in the state of Washington for the carriage of freight and passengers; that the defendant Tacoma Mill Company was a California corporation engaged in operating a sawmill for the manufacture of lumber in the state of Washington, and is the owner of certain lands in Thurston county, in said state; that the petitioner has constructed and has ready for operation a line of railroad which has for point of commencement and intersecting with the Olympia & Gray's Harbor Branch of the Northern Pacific Railway, a point one mile west of the town of Little Rock, in Thurston county, Wash., and extends to a certain point in said county adjacent to lands owned by the defendant; that the petitioner has projected its said line of railroad from said point over the defendant's lands to a terminus on the Pacific Ocean in said state; that the petitioner has sought the right of way from defendant by purchase, but that defendant has refused to permit petitioner to enter thereon, or to construct said railroad thereon, or to sell or convey such right of way to petitioner. The petitioner prayed that condemnation proceedings be instituted for the appropriation of the defendant's lands to the extent of a right of way for said projected railroad, under a statute of Washington permitting the appropriation of private property by corporations when the public interest demands, and when the purpose is a public use. Upon motion of the appellee, the proceeding was removed to the United States Circuit Court for the District of Washington. Before a hearing was had on the petition, the appellee brought suit in equity to restrain the condemnation proceeding, alleging as grounds for the relief prayed for that the defendants Thomas Bordeaux, A. H. Anderson, and Joseph Bordeaux owned all the capital stock of the appellant Mason County Logging Company, which company was organized to carry on a general sawmill and logging business, and is not authorized to act as a common carrier, nor to exercise the right of eminent domain; that said company owns large tracts of timber land adjacent to the lands of the appellee, and has been engaged in hauling the logs cut from its said lands over its logging road to the Northern Pacific Railway, and thence to tide water under a special freight rate; that said Thomas Bordeaux, A. H. Anderson, and Joseph Bordeaux organized the defendant Black Hills & Northwestern Railway Company as a common carrier of freight and passengers, and with the power to exercise the right of eminent domain, with the sole design of extending the logging road of the Mason County Logging Company to the lands of said company lying beyond the lands of the appellee, so as to enable it to haul the timber therefrom at reduced freight rates; that the right of way attempted to be condemned is sought for the sole purpose of constructing such a logging road for the timber of the appellant logging company; and that it was never intended that the appellant railway company should exercise any of the functions of a common carrier. It is alleged that no line of railway has ever been projected by the appellant railway company, except across the lands of the appellee; that, if such a railroad should be constructed, it could be used for no useful purpose, save to transport the logs of the said logging company; and that the public interest does not require the prosecution of such an enterprise, nor is the same a public use. The bill charges that the appellant railway company was fraudulently incorporated for the purpose of unlawfully, by a fraudulent compliance with the laws of the state relating to the exercise of eminent domain, securing ingress and egress to and from the timber lands of the said logging company. In support of this bill, affidavits were filed by the appellee alleging that the said logging company had endeavored to negotiate with the appellee for a right of way for a logging road across the lands of the appellee, and upon the refusal to grant that privilege the appellant

Thomas Bordeaux had stated that the logging company would incorporate a railroad company and force a right of way. It is also alleged in the affidavits that the country through which the line of road is projected beyond the lands of the appellee is impracticable for the successful operation of a railroad.

This showing is met by the appellants by affidavits showing that the logging company has been engaged in the logging business in the district in question for four years, and has constructed some six miles of standard gauge main line railroad, and four miles of side tracks and switches, over which it hauled its logs to the Northern Pacific Railroad; that the town of Mumby has been built upon the said line of road, with about 15 families resident there, and 8 or 10 families in the vicinity; that there are a public school, a post office, and a sawmill at said town; that said logging company, while not authorized or desiring to do business as a common carrier, had for some time been obliged, from the necessities of the situation, to carry both freight and passengers over its road. It was alleged that the projected line of road had long been contemplated; that it would be constructed with ordinary grades, and would open up a country rich in timber land, and which, when logged off, would be valuable for agricultural purposes; that said road would furnish an outlet from said district to Puget Sound, on one side, and to Gray's Harbor, on the other. The allegations of fraudulent incorporation are declared to be untrue.

Upon this showing, the court below entered an interlocutory decree restraining the appellants from proceeding with the condemnation suit.

Charles F. Munday, George C. Israel, and James B. Howe, for appellants.

Struve, Hughes & McMicken, W. T. Dovell, and James M. Ashton, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The appeal is from the order of the court granting the preliminary injunction, and the errors specified are that neither the bill, nor the affidavits filed in support of the bill, state any ground of jurisdiction in a court of equity, for the reason that it appears therefrom that complainant cannot suffer any injury or damage whatsoever by the prosecution of the condemnation proceedings; that the bill, and affidavits filed in support thereof, show that complainant has a plain, adequate, and complete remedy at law, namely, its defense to the condemnation proceedings, wherein all of the questions sought to be raised by complainant in the present suit can be raised and adjudicated.

It is provided in the statutes of the state of Washington that any corporation authorized by law to appropriate land, real estate, premises, or other property for right of way, or any other corporate purposes, may present to the superior court of the county in which any land, real estate, premises, or other property sought to be appropriated shall be situated, or to the judge of such superior court in any county where he has jurisdiction or is holding court, a petition in which the land, real estate, premises, or other property sought to be appropriated shall be described with reasonable certainty, and setting forth certain particulars concerning the ownership of the property, and the object for which the land is sought to be appropriated. The statute requires that a notice, stating briefly the objects of the petition, and containing a description of the land, real estate, premises, or property sought to be appropriated, and stating the time and

place when and where the same will be presented to the court, or judge thereof, shall be served on each and every person named therein as owner, incumbrancer, tenant, or otherwise interested therein, at least 10 days previous to the time designated in such notice for the presentation of such petition.

It is further provided that at the time and place appointed for hearing said petition, or to which the same may have been adjourned, if the court or judge thereof shall have satisfactory proof that all parties interested in the land, real estate, premises, or other property described in said petition have been duly served with notice, and shall be further satisfied by competent proof, among other things, that the contemplated use for which the real estate, premises, or other property sought to be appropriated is really a public use, that the public interests require the prosecution of such enterprise, and that the land, real estate, premises, or other property sought to be appropriated are required and necessary for the purpose of such enterprise, the court or judge thereof may make an order directing the sheriff to summon a jury to ascertain, determine, and award the amount of damages to be paid to the owner or owners, and to all tenants, incumbrancers, and others interested, for the taking or injuriously affecting such land, real estate, premises, or other property. 2 Ballinger's Ann. Codes & St. Wash. §§ 5637, 5638, 5640, 5641. From these provisions of the statute, it appears that, before there can be an ascertainment of the value of the land sought to be appropriated by the petitioner as a right of way, all parties interested in the property described in the petition have the right to have the court determine in the condemnation proceedings the question whether the contemplated use for which the property is sought to be appropriated is really a public use, and not a private use, whether the public interest requires the prosecution of the enterprise, and whether the land sought to be appropriated is necessary for the purposes of such enterprise.

But it is contended by the appellee in support of the interlocutory decree of the court below that the petitioner, the Black Hills & Northwestern Railway Company, is not acting in good faith, within the purview of the statute granting to corporations the right to exercise the power of eminent domain, and that this question cannot be litigated in the condemnation proceedings; that the inquiry which the court is authorized to make is limited by the apparent authority conferred upon the corporation by the statute; that, in this case, behind the apparent authority conferred by the articles of incorporation is a question of fraud in the organization of the corporation, whereby its promoters have unlawfully colluded to place themselves, as a corporation, in a position whereby they are able to impose upon the court, and appropriate the property of the complainant for a private use.

If the facts charged in the bill of complaint are true, concerning the fraudulent character of the incorporation of the Black Hills & Northwestern Railway Company, there is, without doubt, a remedy by information in the nature of quo warranto to dissolve the corporation. Section 5780 et seq., Ballinger's Ann. Codes & St. Wash.

In National Docks R. R. Co. v. Central R. R. Co., 32 N. J. Eq. 755, an injunction had been granted restraining the construction of a rail-

road by the complainants across the lands of the defendants, and from instituting condemnation proceedings for the taking of land for such purpose. It was contended by the defendants, upon the writ of error to the appellate court, that the complainants, in incorporating, were the mere agents of a storage company, using its money for stock subscriptions, and that the road was designed for the sole convenience of the storage company; no public use or necessity being involved in the proposed appropriation of land. The situation was very similar, it will be observed, to that in the case under consideration. The court there said:

"These reasons, if they have any force, go directly to the legality of the organization of the railway company. If they should prevent the exercise by the company of the powers which the general railroad law confers upon corporations created under it, it is because the company should not have been created in the mode and for the purposes in and for which it has been organized, and should be disbanded. It is not denied that every formal requirement of that law has been complied with, and that, to all external appearance, this company is a corporation by virtue of its provisions; but it is claimed that, the motives and purposes of its corporators being what they are, they have usurped a corporate existence which the law did not authorize them to assume, and hence, while they may retain the form, they cannot exercise the functions, of a corporation. Not because this corporation threatens to assail any rights of the complainants, which, if lawfully organized, it would not be permitted to invade, but because it is a corporation de facto, merely, and not de jure, does the chancellor prevent it from doing what only a legal corporation may do. An inquiry and judgment of this nature are, we think, beyond the powers of the court of chancery, at least in a suit between private parties. Whenever it is sought to impugn the legality of a corporation which exists under the forms of law, the remedy is by quo warranto, or information in the nature thereof, instituted by the Attorney General."

The court, after considering other matters presented by the bill of complaint, said:

"Most of these questions are questions of law, which certainly have not been heretofore settled in the complainants' favor; and no rule of equity is more firmly established than the doctrine that a complainant is not in a position to ask for a preliminary injunction, when the right on which he founds his claim is, as a matter of law, unsettled."

The court accordingly dissolved the injunction. See, also, Holly Shelter R. Co. v. Newton (N. C.) 45 S. E. 549.

But in our opinion there is also a remedy provided by the statute, in the defenses that may be made to the condemnation proceeding. The wrong which it is charged the petitioner is about to accomplish by the proceeding is the taking of complainant's property for a private use, and this wrong is specifically made a defense by the statute; and, when made, it raises a question which the court is required to determine in limine upon satisfactory proof, and not merely upon the showing that the petitioner is a corporation authorized by law to exercise the right of eminent domain. This is clearly the view of the law entertained by the Supreme Court of Washington.

In Western American Co. v. St. Ann Co., 22 Wash. 158, 60 Pac. 158, the Supreme Court had before it a judgment in a proceeding brought to condemn a right of way across certain land. The points urged by the appellant were, that the land sought to be condemned was attempted to be appropriated for a private, and not a public, use,

and that the respondent was not authorized by its charter to condemn said right of way or exercise the right of eminent domain for the uses set forth in the petition. It was objected by the respondent that the appeal could not be entertained, for the reason that the statutory provision for an appeal in condemnation proceedings was limited to an appeal from the amount of damages. The Supreme Court sustained this objection, and, in the course of its opinion, said:

"It is argued by the respondent that, inasmuch as the law makes the question of public use a judicial question, it must be contemplated that that judicial question is to be settled by the appellate court; but we do not see any particular merit in this contention, for questions which the law submits to the exclusive jurisdiction of the superior courts may be as purely judicial questions as though they were tried in this court."

The Constitution of the state of Washington provides, in article 1, § 16, that:

"Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public."

In article 4, § 4, the Constitution gives the Supreme Court of the state power to issue all writs necessary to the complete exercise of its appellate and revisory jurisdiction.

In Seattle & Montana R. R. Co. v. Bellingham Bay & Eastern R. R. Co., 29 Wash. 491, 69 Pac. 1107, 92 Am. St. Rep. 907, the superior court had determined that the right of way described in the petition and sought to be appropriated was necessary for the petitioning railroad company, and the intended use was a public one, and that the public interest required the appropriation. The proceeding was taken to the Supreme Court by certiorari. The Supreme Court held that, under the provisions of the Constitution cited, it had the power to issue the writ of certiorari to bring before it the proceedings of the superior court for the purpose of reviewing the determination of that court upon the question whether the contemplated use of the property sought to be condemned was really a public use. The court thereupon reviewed the proceedings for that purpose, and held that competent proof had been made of all the facts necessary to be proved, and affirmed the judgment of the superior court. This decision is, in effect, a determination that the question whether the property sought to be appropriated was for a public use, and the necessity for that use, could be litigated in the condemnation proceeding. To the same effect is State ex rel. Smith v. Superior Court, 30 Wash. 219, 70 Pac. 484, and State v. Superior Court of King County (Wash.) 72 Pac. 89.

The good faith of the appellant in the prosecution of the condemnation proceeding is necessarily involved in the question whether the land sought to be appropriated is really for a public use, and, as this question may be litigated in the condemnation proceeding, the complainant has a plain, adequate, and complete remedy at law. The rule under such circumstances is stated in Lewis on Eminent Domain (2d Ed.) vol. 2, § 646, as follows:

"A bill in equity will not lie to enjoin proceedings for condemnation, for the reason that the mere taking of such proceedings does no injury to prop-

erty, and for the further reason that the grounds relied upon for an injunction may be urged in defense of the proceedings. The making of a public improvement cannot be enjoined on the ground that it is unnecessary or is being made to further private ends, but, where the ground relied upon cannot be litigated in the condemnation proceedings, an injunction will be granted."

The decree of the Circuit Court is reversed, with direction to dismiss the bill.