[No. 6632.]

Burlington & Colorado Railroad Co. et al. v. Colorado Eastern Railroad Co.

Appeals—When Allowed—In proceedings under the Eminent Domain act, an order or decision of the district court that petitioner is endowed with the powers of the act and may lawfully acquire by this method the lands described, is interlocutory; an appeal lies only where the damages have been ascertained and the finding approved by the court.—(226)

Our statute and the practice under it discourages the review of judicial proceedings piecemeal.—(227)

*Appeal from Denver District Court*—Hon. Carlton M. Bliss, Judge.

Messrs. Vaile, McAllister & Vaile, for appellant.

Messrs. Rogers, Ellis & Johnson, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

The appellee, The Colorado Eastern Railroad Company, filed its petition in the district court whereby it sought to acquire, in special condemnation proceedings, certain parcels of land for its railroad purposes which belonged to, and were already used for similar purposes by, the respondent companies. The latter filed answers in which, *inter alia*,

they denied petitioner's authority, under the consti-
tution and statutes of this state, to condemn the
property in question; asserted it was not necessary
to the construction or operation of petitioner's rail-
road that respondents' property should be taken;
claimed petitioner had no authority from the City
and County of Denver to operate over its streets,
which were adjacent to this property; and that the
land sought was already devoted to public use by re-
spondents with which the taking of same by peti-
tioner would interfere.   Respondents,   therefore,
asked the court to inquire into and forthwith investi-
gate and determine these matters, previous to the
appointment of any commissioners, or the impanel-
ing of a jury, under the provisions of our statute.
Respondents further requested the court, if the spe-
cial defenses referred to should be by it overruled
or denied, to appoint, under and by virtue of the pro-
visions of the statutes in relation to eminent domain,
a board of commissioners for the sole and only pur-
pose of determining the necessity of the proposed
taking or condemnation as set forth in the petition,
and if such necessity shall be found by the board of
commissioners to exist, that the question of damages
arising out of the proposed taking or condemnation
may be inquired of, assessed and determined by a
jury of freeholders, as by the statute in such case
made and provided.   The special defenses were
traversed by a replication, and petitioner joined with
respondent in requesting that the issue, as to the
power of petitioner to condemn, be determined by
the court before a board of commissioners or a jury
was called to assess damages.   In pursuance of this
request, such issue was heard *in limine*, and the
court made a finding, and in accordance therewith
adjudged, that petitioner had the right, and power
to exercise the right, of eminent domain, and to con-

demn for the use and purposes of its railroad, the parcels of land described in the petition. Thereupon petitioner asked the court to appoint a board of commissioners, as the Eminent Domain statute contemplates, to consider and determine such questions as may thereunder be properly presented to and passed upon by such a body in connection with the taking of the parcels of land desired. Respondents prayed an appeal from the order which determined that petitioner was qualified and authorized to condemn and acquire for the purpose of its railroad the parcels of land in question, and the district court, without passing upon petitioner's application for an appointment of a board of commissioners, which still remains undetermined below, granted the appeal. The petitioner, appellee here, has filed a motion to dismiss that appeal, alleging, among other grounds in support of its motion, that the appeal was prematurely taken and improvidently granted.

The rule at common law is, that a writ of error does not lie except to a judgment which determines the entire controversy between the parties; that is to say, only from a final judgment. This rule applies, under our statute, to an appeal, as well as to a writ of error. The authority for a review by the supreme court of final decisions of trial courts under our special proceeding created by the Eminent Domain act, reads:

"In all cases upon final determination thereof in either the district or county court, or before a district or county judge in vacation, an appeal may be taken to the supreme court in the same manner as provided by law for taking of appeals from the district court to the supreme court; and a writ of error from the supreme court shall lie in every case to bring in review the proceedings therein, after such final determination." (2 Mills' Ann. Stats., § 1727.)

The position of appellants is, that a proceeding under this act is necessarily divisible into two stages, which are separate and distinct in character and purpose; the first includes all questions concerning the qualification and status of petitioner to exercise the power of eminent domain, the liability of particular property to be condemned, the necessity of the taking, and, generally, the regularity of the proceedings and the right of the court to proceed in the premises; the second stage is that which is occupied merely by the quasi-judicial process of computing and ascertaining the damages, which is submitted, at the election of a respondent, to a board of commissioners, or to a jury of freeholders. No express provision of our statute is cited by appellants as warrant for such contention, but among other authorities in its support, and for the further contention that an order such as is sought to be reviewed here is final and appealable in its nature, they cite: *St. Paul, etc., Ry. Co. v. State*, 34 Minn. 227; *State ex rel. Chicago, etc., Co. v. Oshkosh, etc., Co.*, 100 Wis. 538; *City of Bluefield v. Bailey*, 57 S. E. 805, 62 W. Va. 304.

If these cases announce the doctrine invoked, they are not applicable to our statute or sustained by our previous decisions. The course of decisions in West Virginia has not been harmonious, as that tribunal itself has said. Whatever may be the earlier decisions in Minnesota, it would seem from *Forest Cemetery Association v. Constans*, 70 Minn. 436, that an order of court determining the power of the petitioner to exercise the right of eminent domain is not final or appealable. Some of appellant's cases can easily be distinguished, in their facts, from the case at bar, and do not uphold the position which they are now trying to maintain with respect to the finality of this judgment. But we do not pause to point out the distinction, as it is more satisfactory

to decide this motion upon grounds announced in many cases, inferentially declared by our own decisions, and in harmony with our own statute.

Appellee cites cases which we think announce the correct rule and sustain the motion to dismiss. Some of them are: *Luxton v. North River Bridge Co.*, 147 U. S. 337; *Southern Ry. Co. v. Postal Tel. Co.*, 179 U. S. 641; *Hendrick v. Carolina Cen. R. R. Co.*, 98 N. C. 431; *Ludlow v. City of Norfolk*, 87 Va. 319.

In the Hendrick case it was held that an order appointing commissioners to assess damages is interlocutory, and no appeal will be entertained until after final judgment upon their report. Though the federal supreme court, in one case, *Wheeling & Belmont Bridge Co. v. Wheeling Bridge Co.*, 138 U. S. 287, following, as is its practice, the rulings of the highest state court on such questions, held that a similar order was final and reviewable on writ of error, yet in that very case, and in the two cases above cited, it clearly declared its independent judgment that orders of this nature are merely interlocutory.

Our statute provides that an appeal or writ of error lies only upon final determination of the special proceeding in the trial court. The question involved here has never been expressly, though we think it has been by implication, determined by this court. In *Denver & N. O. R. R. Co. v. Lamborn*, 8 Colo. 380, where a board of commissioners was selected to ascertain the damages, it was held that their report, and approval thereof by the court in overruling a motion to vacate and set aside the same, fixed finally the price to be paid for the premises, and that such approval is final so far as the action of the trial court is concerned. The converse of the proposition ought to be true, that, until the report of the

commissioners, or the award of the jury, has been approved by the court, there is no final determination of the cause. Our statute and our practice discourage the review of a cause piecemeal. It is unquestionably true that a judgment or decree which fixes finally the rights of the parties in the action in which it is rendered and leaves nothing further to be done before such rights are determined, is final. The principal object of these condemnation proceedings is to ascertain the price which the petitioner must pay for the land which he desires to acquire, and until that determination is made by a board or jury and the same has been approved by the court, it cannot be said that the rights of the parties have become fixed or determined. *Lamborn v. Bell,* 18 Colo. 346, was an appeal in a condemnation proceeding from a judgment approving the award of damages by a jury, and upon such review the court considered and determined the power and right of the petitioner to condemn. *Sand Creek L. I. Co. v. Davis,* 17 Colo. 326, was likewise an appeal from a judgment of the court approving the verdict of the jury which ascertained the price petitioner should pay for the land, and in connection with a review of that judgment, the court determined objections of respondent made to the antecedent proceedings with respect, among other things, to the necessity of the taking. *Union Pacific R. R. Co. v. Colorado Postal Tel. Co.,* 30 Colo. 133, was an appeal from a judgment approving the award of a board of commissioners, and upon such review various proceedings of the trial court and a number of its rulings upon questions which respondents here claim belong to the first stage of the proceeding under our statute, were determined. Other decisions of a like character might be cited. The foregoing, however, sufficiently show that the practical construction by this court of our

statute is that the only final judgment in the statutory proceeding is the judgment of the court approving the award of commissioners, or the verdict of a jury, as to the amount of damages which petitioner must pay, when the preliminary questions, such as the ones here determined, are decided in petitioner's favor. In reviewing such judgments, the right to condemn, the necessity for the taking, and similar questions, have invariably been determined. If the finding, or order, of the trial court that the right to condemn existed, or that there was a necessity for the taking, is itself a final judgment, that judgment would not only become *res adjudicata* between the parties, unless it was, on a direct appeal, or by writ of error, reviewed and set aside, but the court would not have jurisdiction to review it in connection with a review of the judgment approving the award of damages.

We are of the opinion that, under our statute, the order of the trial court which determines that petitioner has the power to condemn is not final, but interlocutory merely, from which an appeal, and to which a writ of error, does not lie. The motion is therefore granted, and the appeal dismissed.

*Appeal dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.