SUTTON v. VILLAGE OF MORENCI.

EMINENT DOMAIN—CEMETERIES—DETERMINATION OF NECESSITY—
INJUNCTION—FRAUD.
    A bill by a landowner to enjoin condemnation proceedings
    by a village for cemetery purposes, on the ground of
    fraud, is properly dismissed where the alleged fraud ap-
    pears in the introductory recital of the resolution deter-
    mining the necessity for such taking; such resolution
    being neither judicial nor final, and the question must
    ultimately be decided by a jury in the very proceeding
    sought to be enjoined; the burden of proof resting upon
    defendant to establish it.

Appeal from Lenawee; Hart, J.  Submitted April
19, 1918.  (Docket No. 102.)  Decided June 3, 1918.

Bill by Leroy Sutton and another against the vil-
lage of Morenci to set aside condemnation proceedings.
From a decree for defendant, plaintiffs appeal.  Af-
firmed.

*H. Thane Bauman* and *Baldwin, Alexander & Rus-
sell,* for plaintiffs.

*Earl C. Michener,* for defendant.

STEERE, J.  Plaintiffs are husband and wife and own
as tenants by entirety a farm of 60 acres, a portion
of which, consisting of about 3.32 acres, lies within
the corporate limits of the village of Morenci, Lena-
wee county, adjacent to its so-called "Oak Grove" pub-
lic cemetery.  Owing to available space for burial be-
ing nearly exhausted in Oak Grove and a need for
larger burial grounds in that community the village
authorities desired and claimed it necessary to secure
from plaintiffs this adjoining three and a fraction
acre piece of land.

On August 13, 1917, the village council passed a resolution, with various recitals as to conditions and demands, declaring it necessary for the public welfare of its inhabitants that the village of Morenci acquire and own within its corporate limits a place of burial south of and contiguous to its old Oak Grave cemetery, in draining and beautifying which it had expended large sums of money and that for such proposed public improvement it was deemed necessary to obtain the piece of land in question belonging to plaintiffs. To that end a committee was appointed by the council to confer with plaintiffs and ascertain on what terms it could be obtained. This the committee did and later reported to the council in writing that plaintiffs refused to convey said land to the village for the purpose proposed at a less price than $1,000 per acre, or $3,332. On receipt of this report the council by resolution, with recital that the price demanded was deemed so exorbitant and unreasonable it was not warranted in agreeing to pay the same, determined it was unable to agree with the owners for the purchase of said described land, that it had become a public necessity to take the same for the proposed necessary public improvement without consent of the owners and directed the village attorney to institute condemnation proceedings to acquire the same before a justice of the peace residing in said village. The prescribed statutory steps were then taken for such condemnation pursuant to chapter 13 of the general village law, now found in 1 Comp. Laws 1915, beginning with compiler's section 2784 on page 1104.

On being served with summons in the condemnation proceedings plaintiffs filed a bill of complaint with the circuit court in chancery of Lenawee county, on September 13, 1917, asking an injunction to restrain, and end the condemnation. An order to show cause, with a preliminary restraining order, was granted and

on September 22, 1917, a written showing in response
to such order and a motion to dismiss plaintiffs' bill
for want of jurisdiction were filed by defendant.    On
September 27, 1917, an answer was filed, a hearing
and argument had on the showing made and an opinion
filed by the court, followed by an order, filed October
6, 1917, the concluding paragraphs of which are as
follows:

"After reading the pleadings in said cause and lis-
tening to the argument of counsel, it is ordered by this
court that said temporary restraining order is con-
tinued until a full hearing can be had in said cause
upon the issue raised in said proceedings as to the dis-
ability of said justice of the peace, Leon D. Mowry,
to proceed with said condemnation proceedings.

"It is further ordered that the proceedings com-
plained of in said bill of complaint, up to the filing of
said petition with said Leon D. Mowry, justice of
the peace, are regular and valid, and that said village
of Morenci may, if it sees fit to do so, discontinue said
proceedings before said Leon D. Mowry, and proceed
before any other justice specified in said statutes to
take jurisdiction over said proceedings."

From this order plaintiffs have appealed, their
claim of error involving, as stated in their counsel's
brief,

"but one question in this court to determine, and that
was whether the circuit court erred in holding that the
bill filed by plaintiffs should be dismissed without a
hearing upon the allegations therein contained.".

Plaintiffs' grounds of complaint against Justice
Mowry were that he is also the village assessor, and
an interested party, having expressed his views as to
the value of the land sought to be condemned both by
his records and in other ways, which defendant denied
in its answer and showing in response to the court's
order to show cause.    As to this, the circuit judge ex-
pressed the view that, while the offices of justice and
village assessor are not incompatible yet, in view of

the objection raised, it was advisable to take the condemnation proceedings before some justice entirely disinterested, stating in answer to inquiry of counsel that the bill should be dismissed "so far as the fraud charge is concerned," subsequently filing the order quoted, from which plaintiffs have appealed for the reason stated in counsel's brief.

While in the opinion reviewing questions raised and discussed at the hearing of defendant's showing in response to the order to show cause why a preliminary injunction should not issue and the temporary restraining order previously made should not be continued, the court stated plaintiff's bill should be dismissed as to the charge of fraud, it was not specifically so provided in the order made. Technically the order made and entered is but the refusal, upon a showing against an application for an injunction, to grant the injunction or to continue a previously made interim restraining order, except as to defendant's proceeding with the condemnation before a justice to whom plaintiffs objected because an interested or prejudiced party. But conceding that the order made in connection with the opinion filed amounts to a denial of plaintiffs' right to be heard upon the charge of fraud as set out in their bill, and is in effect a dismissal of the same as to them, we find no occasion to disturb the order appealed from.

The property in question, which is a part of plaintiffs' farm lying adjacent to defendant's cemetery, is agricultural land, properly fenced, but without buildings, wells or other improvements upon it. The gist of plaintiffs' complaint is that taking this land for cemetery purposes would disastrously contaminate and pollute the immediate environments of their home, and a green-house they maintain near by; that the addition of this tract to the old cemetery would bring the new south cemetery line 202 feet nearer their

house and 192 feet nearer their wells than before, the present distances being 635 feet from the house and 575 feet from the wells; that there are other available lands, belonging to persons named, adjacent to the old cemetery and suitable for cemetery purposes; that taking their land for the proposed enlargement is not a public necessity and the village council, without regard to the true facts though familiar with them, fraudulently and maliciously based its resolution "upon a false and fraudulent statement of facts."

The council embodied in its resolution a statement of conditions and reasons for the proposed improvement, the portion nearest approximating what plaintiffs charge as intentionally false and fraudulent being:

"And whereas, the land surrounding said cemetery is not suitable or available for cemetery purposes, except on the south side of said cemetery and within the corporate limits of said village of Morenci, and whereas it is not practical at this time to extend the limits of said cemetery in any other than a southerly direction."

Such introductory recitals are in their nature largely conclusions or expressions of opinion, not directly an essential of the resolution and determination required as a jurisdictional initial step in the statutory proceedings to take private property for public use. The resolution by the council, which must contain a determination of necessity, is neither judicial or final. Its legal force and effect being an official determination by the village council which inaugurates and authorizes the proceedings, in which the position of the council is rather that of a petitioner asserting in prescribed form for adjudication in the proper tribunal the necessity of proposed public improvements and taking specified private property for public use, which must, however, ultimately be determined by a jury trial in

judicial proceedings for which the statute provides. *People* v. *Village of Brighton,* 20 Mich. 57; *Horton* v. *City of Grand Haven,* 24 Mich. 465; *Powers' Appeal,* 29 Mich. 504; *Detroit City Railway* v. *Mills,* 85 Mich. 634; *Commissioners of Parks* v. *Moesta,* 91 Mich. 149; *Detroit Water Com'rs* v. *Lorman,* 158 Mich. 608.

It is not questioned that these proceedings are in conformity with the statute, showing upon their face jurisdiction and all prescribed requirements observed. The charges of fraud and falsehood in plaintiffs' bill all center in their essentials to the question of necessity of taking their land for a proposed public improvement which is the exact controlling question tendered issuably for determination in a legally constituted forum before a jury where the burden of proof rests upon defendant, where full opportunity is given plaintiffs to appear and be heard upon the facts and law, present proofs and make whatever defense they desire, with the further right of appeal and retrial in the circuit court from which appeal lies for review in this court. The circuit court correctly found and held that no such fraud was charged in plaintiffs' bill of complaint as warranted its assumption of jurisdiction to exclusion of the regular statutory proceeding provided for trying the controlling issues involved.

The order appealed from is affirmed, with costs in favor of defendant.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.