## No. 13,546.

SCANLAND ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF JEFFERSON.
(46 P. [2d] 894)

Decided June 10, 1935.

Mr. JAMES R. HOFFMAN, for plaintiffs in error.

Mr. OLIVER DEAN, Mr. WILLIAM L. BOATRIGHT, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ACTION in injunction to restrain the relocating of a public highway. The parties will herein be designated as plaintiffs and defendant, as they appeared in the trial court.

A part of State Highway No. 74 is located in Bear

Creek Canon in Jefferson county. In July, 1933, a portion of this highway was destroyed by flood. Plaintiff Scanland is the owner of lots 8 to 17, block 1, Overlook Park, which lots abutted on the highway as then located. It appears that March 24, 1934, defendant board brought condemnation suit in the district court against plaintiff Scanland and other defendants, for the purpose of widening and relocating said highway, necessitated by the flood. Scanland was made defendant because he was the owner of property sought to be condemned which was some distance from the lots described in this action. The other plaintiffs Klatt and Walker were lessee and sublessee of the lots described.

The complaint in the condemnation suit alleged that compensation for damages could not be agreed upon between the petitioner and the defendants; that the action was brought under the eminent domain statute, and the improvement sought to be made was under a Federal Aid Project. It appears that the relocation of the highway involved the changing of the channel of Bear Creek in such a manner as to place the channel between plaintiffs' property and the highway, whereby their means of ingress and egress to the highway would be destroyed.

Plaintiffs herein, on March 30, 1934, filed the complaint in this case whereby they sought to enjoin defendant from proceeding with the condemnation action. The defendant demurred to the complaint, and hearing was had upon the application for injunction and upon the defendant's demurrer. The application for injunction was denied, the demurrer sustained, and the complaint dismissed. Plaintiffs assign error.

Plaintiffs adopted an erroneous theory. Their remedy was by intervention in the condemnation proceedings. If damaged, they had a plain, speedy and adequate remedy at law, and by an appropriate cross-petition, could have been heard, and their rights determined in the condemnation action. This right belongs to any person interested, whether made a party defendant or not. Plaintiffs' reli-

ance upon section 1289, C. L. '21, which is as follows: "The board of county commissioners may vacate any established road, or part thereof, when petitioned by any number of freeholders, not less than two-thirds, owning land adjoining said road, or part thereof, to be vacated; Provided, That no established road, or part thereof, shall be vacated so as to leave any land adjoining said road without an established public road connecting said land with another established public road, unless the owner of such land sign the petition therefor; And, provided, further, That if such road runs on the county line between two counties, the concurrence of the county commissioners of both such counties shall be necessary to vacate it," is misplaced, because this section is inapplicable and has no bearing upon the relief sought by plaintiffs under the circumstances of this case.

The judgment of the trial court was right and is affirmed.

Mr. Justice Bouck not participating.