**COLORADO CENTRAL POWER CO. et al.
v. CITY OF ENGLEWOOD.**

No. 1486.

Circuit Court of Appeals, Tenth Circuit.
April 7, 1937.

Rehearing Denied May 14, 1937.

Archibald A. Lee, of Denver, Colo. (Miles & O'Brien, of Baltimore, Md., on the brief), for appellants.

Clyde C. Dawson, Jr., of Denver, Colo. (H. H. Davies, of Englewood, Colo., and Pershing, Nye, Bosworth & Dick, of Denver, Colo., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding in condemnation, filed in the state court and removed to the federal court, was instituted by the City of Englewood, a municipality of the second class in Colorado, against Colorado Central Power Company, a public utility engaged in the transmission, distribution, and vending of electric energy within the city and elsewhere in Arapahoe county, to acquire the light and power system of the company for use and operation as a municipal system. The trustees in a deed of trust were joined as defendants. It was alleged in the petition that the city granted a franchise to Arapahoe Electric Light & Power Company and its assigns in October, 1920, authorizing the construction and operation of a light system; that it was for a period of twenty-five years and expressly reserved to the city the right to purchase or condemn the plant or system of the grantee within the city at its actual value, excluding any sum for franchise or right of way through the streets, alleys, and other public places, with the provision that such right should not be exercised at any time within twenty years from the date of the franchise except at intervals of ten and fifteen years; that chapter 153, Laws of 1899, now being the 67th and 70th subdivisions of section 8987, Compiled Laws of 1921, was in force at the time the franchise was granted; and that Colorado Central Power Company acquired the franchise through mesne conveyances and was operating under its terms.

The company filed an amended answer which interposed legal defenses and equitable issues. The equitable issues were that the petition described and sought to condemn property and transmission lines outside the city exceeding $75,000 in value; that such property was not necessary, used, or useful in serving the city or its residents; that the attorneys for the city and the mayor were not authorized to include such property in the proceeding, the resolution of the city council authorizing the institution of the proceeding being expressly limited to property within the city; that such property outside the city was already devoted to a public use; that the city was endeavoring to exercise rights and privileges as a public utility by acquiring the transmission lines for the transmission and sale of electric energy outside the limits of the city without first having obtained a certificate of convenience and necessity from the Public Utilities Commission of the state;

that such interference with the operation of the plant and system of the company would constitute the taking of private property without due process of law in violation of the Fourteenth Amendment; that the entire distribution system and property had a value of $400,000; that the city did not have and could not obtain the money with which to pay for such property; and that the prosecution of the proceeding would subject the company to unreasonable expense without necessity, and would deprive it of property without compensation in violation of the due process clauses in the Federal and State Constitutions. Each paragraph tendering equitable issues concluded with a prayer that further action on the law side of the docket be suspended until the equitable issues were heard; and that upon such hearing the city be permanently enjoined from proceeding at law with the condemnation.

The court struck out the equitable defenses, and the appeal is from that action.

The effect of the order was the denial of a temporary injunction. It, therefore, was appealable under section 274b of the Judicial Code (28 U.S.C.A. § 398); and the measure for determining the correctness of the action is whether the company could have maintained a bill in equity upon the same allegations. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Township of Delaware v. Central-Penn. Nat. Bank (C.C.A.) 79 F. (2d) 255.

A city of the second class in Colorado is vested with power of eminent domain for the acquisition of private property necessary for the construction and operation of water, gas or light works; and the power is not confined to property situated within the city limits. Property outside the city may be taken for such public use if it is needed. Public Service Co. v. City of Loveland, 79 Colo. 216, 245 P. 493. Whether the contemplated use is public is a judicial question. Article 2, section 15, Colorado Constitution. If it is public, the necessity or expediency of devoting the property to it is a question for the determination of the city, and when subject to inquiry it must be determined by a board of commissioners appointed by the court. If that determination is not made arbitrarily, or capriciously or in bad faith, it is conclusive and not subject to judicial review. Lavelle v. Town of Julesburg, 49

Colo. 290, 112 P. 774; Public Service Co. v. City of Loveland, supra; Pine Martin Min. Co. v. Empire Zinc Co., 90 Colo. 529, 11 P.(2d) 221; United States v. Threlkeld (C.C.A.) 72 F.(2d) 464; City of Norton v. Lowden (C.C.A.) 84 F.(2d) 663.

The fact that the company is now using the property outside the city limits to furnish its customers with electric energy is not enough to withstand the power of the city to acquire it for the purpose of establishing and operating a municipal system. A city may condemn property of a utility company in use as a part of the system which serves consumers within the city for the purpose of devoting it to a municipal plant. Public Service Co. v. City of Loveland, supra. That construction of the controlling provisions of the State Constitution and statutes is binding on us. And our decision in City of Norton v. Lowden, supra, does not lead to a contrary conclusion. It was there said that the power to destroy or materially interfere with an existing public use of property for another public use, must be found in specific legislative authority; and it was noted that many states had authorized condemnation where the second use is found to be more essential to the public welfare. There is such legislative authority in Colorado. It was so held in the City of Loveland Case.

The company urges that condemnation should be restrained because the action amounts to an effort on the part of the city to engage in the business of generating, distributing, and selling electric energy outside the city without first having obtained a certificate of convenience and necessity from the Public Utilities Commission of the state. Whether the city is required to obtain such a certificate cannot be determined on the complaint of a private suitor. It may be inquired into only on the complaint of the state or the commission. Shields v. City of Loveland, 74 Colo. 27, 218 P. 913.

No reference is made in the brief of the company to the defense that the property was worth $400,000; that the city does not have and can not secure the money with which to make payment for it; and

that for such reason the prosecution of the proceeding with its costs and expense to the company would deprive it of property without just compensation in violation of the due process clauses in the Federal and State Constitutions. That issue was thus abandoned and need not be considered. Travelers' Ins. Co. v. Bancroft (C.C.A.) 65 F.(2d) 963; Carpenter v. Connecticut General Life Ins. Co. (C.C.A.) 68 F.(2d) 69; United States Potash Co. v. McNutt (C.C.A.) 70 F.(2d) 126.

It is provided in chapter 61, section 6, Colorado Statutes Annotated 1935, that the court shall hear the allegations and proofs of all interested parties touching the regularity of a proceeding of this kind. That language is sweeping in scope. No limitation is expressly ingrafted upon it. We think the statute is broad enough to permit the company to present as objections or pleas in bar to the action at law all other issues advanced in the so-called equitable defenses (opinion being withheld as to whether they would be well founded when presented in that manner). Compare Pine Martin Min. Co. v. Empire Zinc Co., supra. It is well settled that where objections may be heard in defense to a condemnation proceeding resort to equity may not be had because one having such an adequate and complete remedy at law cannot invoke injunctive relief. Georgia v. Chattanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796; Black Hills & N. W. Ry. Co. v. Tacoma Mill Co. (C.C.A.) 129 F. 312; Suncrest Lumber Co. v. North Carolina Park Commission (D.C.) 30 F.(2d) 121; Scanland v. Board of County Commissioners, 97 Colo. 37, 46 P.(2d) 894; Sutton v. Village of Morenci, 202 Mich. 91, 167 N.W. 958; Minear v. Plowman, 197 Iowa, 1188, 197 N.W. 67; Georgia Industrial Realty Co. v. City of Chattanooga, 163 Tenn. 435, 43 S.W.(2d) 490; Halstead v. City of Brazil, 83 Ind.App. 53, 147 N.E. 629.

For the reasons indicated, a bill in equity could not be maintained upon the allegations which were stricken. They presented no sustainable basis for restraining the action at law. It follows that the order should be and is affirmed.