No. 14,955.

FIRST NATIONAL BANK OF GREELEY *v.* MINNESOTA MINES, INC.

(121 P. [2d] 488)

Decided January 12, 1942.

Mr. I. B. MELVILLE, Mr. HAROLD G. KING, for plaintiff in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. HAROLD E. POPHAM, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

BY this proceeding under the eminent domain act, defendant in error sought to condemn certain of the lands of plaintiff in error. In the district court in apt time (see *Wassenich v. Denver,* 67 Colo. 456, 186 Pac. 533), plaintiff in error raised certain objections on constitutional grounds, which challenged the right of defendant in error to condemn, and which, if sustained, would have the effect of defeating the proceeding. The district court in limine overruled the objections and plaintiff in error sued out a writ of error to have that determination reviewed by this court. July 10, 1941, upon the theory that the questioned adjudication was not a final judgment we dismissed the writ on motion of defendant in error. Thereafter plaintiff in error filed a petition to vacate the order of dismissal and we permitted oral arguments on the question. Notwithstanding the serious contentions of plaintiff in error, we are satisfied the exigencies under consideration are controlled by *Burlington Co. v. Colorado Co.,* 45 Colo. 222, 100 Pac. 607, wherein we held that in a proceeding under the eminent domain act a district court decision, rendered in limine, holding that the petitioner had constitutional and statutory authority to condemn, was not final, but merely interlocutory, to review which a writ of error would not lie. This rule was reaffirmed in *Miller v. Denver,* 84 Colo. 397, 270 Pac. 866. Under these authorities, adverse rulings on the objections now urged by plaintiff in error may be presented for review by a writ of error after the close of the proceedings in the trial court and entry of the final decree assessing damages. The order for immediate possession and the ruling denying its vacation also were interlocutory. See, *Lavelle v. Julesburg,*

49 Colo. 290, 112 Pac. 774, and *Colorado Fuel & Iron Co. v. Four Mile Ry. Co.*, 29 Colo. 90, 66 Pac. 902.

We adhere to our former order dismissing the writ of error.

MR. JUSTICE BURKE and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE JACKSON did not participate.