No. 17,929.

TOWN OF GLENDALE *v.* CITY AND COUNTY OF DENVER.
(322 P. [2d] 1053)

Decided March 17, 1958.

Messrs. Cranston & Arthur, for plaintiff in error.

Mr. John C. Banks, Mr. Horace N. Hawkins, Jr., Mr. Earl T. Thrasher, Mr. Hans W. Johnson, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This cause is before this court on writ of error. In the court below the City and County of Denver brought an action in the district court of Arapahoe County against a large number of defendants including the plaintiff in error, seeking to acquire by condemnation certain parcels of land described in the petition, and prayed for title to and possession of needed rights of ways or easements through such lands, and through the public streets of the Town of Glendale for the construction, operation and maintenance of sanitary and storm sewers and appurtenances thereof.

We will refer to the plaintiff in error as Glendale and to the defendant in error as Denver. The other defendants in the action in the court below are not parties to this writ of error.

190

At the time of filing its petition in eminent domain, Denver also filed a petition for immediate possession of the property and rights of way sought. On the date of the hearing for immediate possession, Glendale filed an answer generally denying Denver's right to the relief sought. Glendale asserted that before any rights could be acquired by Denver the permission of Glendale should be obtained pursuant to C.R.S. 139-52-2(2). By counterclaim Glendale asked the court for injunctive relief "enjoining and restraining the petitioner [Denver] herein from constructing, operating or maintaining any sewerage facilities within the territorial limits of this Respondent [Glendale], and from taking any action to acquire any property for such purpose by the exercise of the right of eminent domain, or otherwise, * * *." Other allegations of its counterclaim averred that Denver had not negotiated in good faith with Glendale for the rights sought to be acquired and had not otherwise exhausted its administrative remedy.

To the orders of the trial court denying a temporary injunction and granting Denver temporary possession, Glendale brings the matter to this court by writ of error.

Questions to be Determined.

First: *Is writ of error the proper procedure to review an interlocutory order of the district court granting immediate possession in eminent domain?*

This question is answered in the negative.

An order for temporary possession is interlocutory and not a final judgment or final determination of the action. Interlocutory orders are not reviewable by writ of error. In *Burlington & Colorado Railroad Co. v. Colorado Eastern Railroad Co.,* 45 Colo. 222, 100 Pac. 607, the syllabus enunciating the clear rule on appeals reads:

*"Appeals-When Allowed* — In proceedings under the Eminent Domain act, an order or decision of the district court that petitioner is endowed with the powers of the act and may lawfully acquire by this method the lands

described, is interlocutory; an appeal lies only where the damages have been ascertained and the finding approved by the court."

The court in the body of the decision said:

"Our statute and our practice discourage the review of a cause piecemeal. * * *"

The court further said:

"It is unquestionably true that a judgment or decree which fixes *finally* the rights of the party in the action in which it is rendered and *leaves nothing further to be done before such rights are determined, is final.* The principal object of these condemnation proceedings is to ascertain the price which the petitioner must pay for the land which he desires to acquire, and until that determination is made by a board or jury and the same has been approved by the court, it cannot be said that the rights of the parties have become fixed or determined." (Emphasis supplied.)

In *Vandy's, Inc. v. Nelson,* 130 Colo. 51, 273 P. (2d) 633, this court said:

"Our rules and decisions discourage the review of a cause piecemeal. The order which we are asked to review is not a final judgment in the cause, but interlocutory, to which a writ of error will not lie *unless expressly authorized by rule or statute.* We have no such rule or statute." (Emphasis supplied.)

Again in *Swift v. Smith,* 119 Colo. 126, 201 P. (2d) 609, dealing directly with the matter of immediate possession, the court stated quite clearly at page 139:

"The order for temporary [sic] possession was clearly interlocutory, and a writ of error did not lie to review the same (*Burlington & Colorado R.R. Co. v. Colorado Eastern R.R. Co.,* 45 Colo. 222, 100 Pac. 607, *Miller v. City and County of Denver,* 84 Colo. 397, 270 Pac. 866; *First National Bank v. Minnesota Mines, Inc.,* 109 Colo. 6, 121 P. (2d) 488); consequently, complainants had no plain, speedy or adequate remedy at law, and *certiorari* lies." (Emphasis supplied.)

■ The proper proceeding for relief from an interlocutory order as stated in *Swift v. Smith*, supra, is by certiorari. Later in *Potashnik v. Public Service Company of Colorado*, 126 Colo. 98, 247 P. (2d) 137, this court, we think, intended to and did in fact remove all confusion as to procedure by carefully outlining the proper remedy as follows: "* * * within the period of stay of execution granted by the trial court, the owners, not having the right of review of said interlocutory order upon writ of error, filed original action by way of certiorari in this court, alleging that otherwise they were without remedy whatsoever to protect their property from seizure under the order of the district court, which they contend was without lawful authority. * * *"

The court then went on to say, at page 101:

"That a writ of error to review an interlocutory order of the district court will not lie is conceded. That an original proceeding in the nature of certiorari under Rule 106, R.C.P. Colo., when directed to an endangered, fundamentally substantive and substantial right, is maintainable and recognized as a proper remedy is settled. *Swift v. Smith*, 119 Colo. 126, 201 P. (2d) 609."

Second: *Is injunctive relief the proper remedy to be accorded a defendant in a proceeding in eminent domain?*

This question is answered in the negative.

■ The law can be no more clearly stated than in *Colorado Central Power Co. v. City of Englewood*, 89 F. (2d) 233, wherein the United States Circuit Court said:

"It is well settled that where objections may be heard in defense to a condemnation proceeding resort to equity may not be had because one having such an adequate and complete remedy at law cannot invoke injunctive relief. *Georgia v. Chattanooga*, 264 U.S. 472. 44 S. Ct. 369, 68 L. Ed. 796; *Black Hills & N.W. Ry. Co. v. Tacoma Mill Co.* (C.C.A.) 129 F. 312; *Suncrest Lumber Co. v. North Carolina Park Commission* (D.C.) 30 F. (2d) 121; *Scanland v. Board of County Commissioners*, 97 Colo. 37, 46 P. (2d) 894; *Sutton v. Village of Morenci*, 202 Mich.

91, 167 N.W. 958; *Minear v. Plowman,* 197 Iowa, 1188, 197 N.W. 67; *Georgia Industrial Realty Co. v. City of Chattanooga,* 163 Tenn. 435, 43 S.W. (2d) 490; *Halstead v. City of Brazil,* 83 Ind. App. 53, 147 N.E. 629."

This court has carefully considered the propriety of injunctive relief in previous decisions, and we find that Colorado is in accord with the pronouncement of the federal court. For example in *Scanland v. Board of County Commissioners of the County of Jefferson,* 97 Colo. 37, 46 P. (2d) 894, a petition for injunction was filed to restrain the relocation of a public highway after a petition in condemnation had been filed. This court said therein:

"Plaintiffs adopted an erroneous theory. Their remedy was by intervention in the condemnation proceedings. If damaged, they had a plain, speedy, and adequate remedy at law, and by an appropriate cross-petition, could have been heard, and their rights determined in the condemnation action. * * *"

Summarizing the weight of authority on this question, Lewis on Eminent Domain, 2d Edition, Vol. 2, Section 646, comments:

"A bill in equity will not lie to enjoin proceedings for condemnation, for the reason that the mere taking of such proceedings does no injury to property, and for the further reason that the grounds relied upon for an injunction may be urged in defense of the proceedings."

Third: *Before the City and County of Denver can successfully acquire property and title to and possession of rights of way in another municipality such as Glendale, is the consent of that municipality a necessary prerequisite?*

This question is answered in the negative.

Denver claims its right in eminent domain through the Constitution of the State of Colorado. That power is found in section 1 of Article XX of the Constitution providing that Denver: "* * * shall have the power, within or without its territorial limits, to con-

struct, condemn and purchase, acquire, lease, add to, maintain, conduct and operate, water works, light plants, power plants, transportation systems, heating plants, *and any other public utilities or works or ways local in use and extent, in whole or in part,* and everything required therefor, for the use of said city and county and the inhabitants thereof, * * *." (Emphasis supplied.)

Although sewers are not expressly mentioned in the Constitution, the powers enumerated therein are by way of illustration and not of limitation. The necessary correlative to "water works" expressly granted in the Constitution is a facility to carry off that same water. Sewage lines and disposal facilities also are included in the general term "other public utilities." Moreover, this court in construing this constitutional grant of power to home rule cities in eminent domain has said:

"* * * In view of the wide scope of such enumerated cases in which the power might be exercised — probably then considered as being all inclusive — and the circumstance, as we have so many times held, that this amendment was designed to give as large a measure of home rule in local municipal affairs as could be granted under a republican form of government, we have no doubt that the people of Colorado intended to, and in effect did, thereby delegate to Denver full power to exercise the right of eminent domain in the effectuation of any lawful, public, local and municipal purpose. * * *" *Fishel v. Denver,* 106 Colo. 576, 108 P. (2d) 236.

The authority of the City and County of Denver being by constitutional grant, the statute relied upon by Glendale, if construed as limiting such power, would be of doubtful validity. However, we need not be concerned in that respect since the legislature was very careful to limit its construction as follows:

*"Construction of Article.* — The powers conferred by this article shall be in addition and supplemental to, and not in substitution for, and the limitations imposed by this article *shall not* affect the powers conferred by

any other law. * * *" (Emphasis supplied.) C.R.S. '53, 139-52-10.

What we have said is not to be understood as holding that Denver can with impunity and without regard to local ordinances of a traversed municipality, construct its sewer lines in its streets irrespective of water lines, water works, sewers or wells in line of or in the vicinity of the proposed construction. Denver in its brief concedes that "at the point where the public health and safety become involved, the municipality traversed could withhold its consent unless proper, safe and healthful construction methods were followed. To that extent and when construction becomes a fact, we concede that the Defendant in Error herein may be bound and may be required to comply with reasonable construction standards lawfully established by the Plaintiff in Error."

The orders denying a temporary injunction and granting Denver temporary possession of the lands involved, not being final judgments to which a writ of error will lie in a condemnation proceeding, the writ of error must be dismissed.