340 P.2d 872 (1959)
Victor E. AMBROSIO et al., Plaintiffs in Error,
v.
BAKER METROPOLITAN WATER AND SANITATION DISTRICT, Defendant in Error.
No. 18331.
Supreme Court of Colorado, En Banc.
June 8, 1959.
*873 A. E. Small, Jr., Sol Cohen, Denver, for plaintiffs in error.
Hackethal & McNeill, Lakewood, for defendant in error.
DAY, Justice.
The parties appear here in the same position as in the trial court with defendant in error The Baker Metropolitan Water and Sanitation District, defendant below, here referred to as the District. Plaintiffs in error Victor E. Ambrosio and others were plaintiffs in the trial court and will be referred to as such.
The District by resolution, pursuant to authority of C.R.S. '53, 89-5-13, had in another suit declared the acquisition of certain property of plaintiffs was in the public interest, necessary for public use for the construction of a sewage disposal plant. Plaintiffs in a separate action sought injunctive relief against the District, seeking to restrain the District from proceeding upon many grounds not pertinent here. A supplemental statement of the case contained in the brief states that in the condemnation suit brought by the District an order for immediate possession was entered; that the land has been acquired and paid for; that the sewage treatment plant is erected and has been in actual operation for some three weeks. The matters presented here, therefore, are moot.
It is pertinent to comment that the expediency of the project or that those seeking to condemn the land for the project might proceed in another way are not appropriate matters of defense in condemnation proceedings. See Mortensen v. Mortensen, 135 Colo. 167, 309 P.2d 197. Therefore, if this writ of error stemmed from the original proceedings we would not give cognizance to such defenses. It is axiomatic that matters which could not be raised in the original condemnation proceedings cannot be asserted in a collateral suit. We also wish to call attention to the long line of authorities followed in Colorado that injunction will not lie to prevent suits in eminent domain since there is adequate remedy at law for damages for the property taken. Town of Glendale v. City and County of Denver, 137 Colo. 188, 322 P.2d 1053; Colorado Central Power Co. v. City of Englewood, 10 Cir., 89 F.2d 233; Scanland v. Board of County Commissioners, 97 Colo. 37, 46 P.2d 894; Lavelle v. Town of Julesburg, 49 Colo. 290, 112 P. 774.
The issues raised in the trial court and here being moot, and the matter having finally been determined in the condemnation proceedings, including the compensation paid, writ of error is dismissed.