504 P.2d 360 (1972)
Robert G. DUNHAM and Mary Dunham, his wife, Plaintiffs-Appellants,
v.
The CITY OF GOLDEN, a municipal corporation, et al., Defendants-Appellees.
No. 72-099.
Colorado Court of Appeals, Div. I.
November 14, 1972.
Rehearing Denied November 28, 1972.
*361 Robert Gordon, Golden, for plaintiffs-appellants.
Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for defendant-appellee Mayford Peery.
Lyle E. Miller, Golden, for defendants-appellees City of Golden, a municipal corporation, and Jon Andren, Mayor of City of Golden.
Selected for Official Publication.
DWYER, Judge.
Robert G. Dunham and Mary Dunham, plaintiffs-appellants, brought this action to prevent the City of Golden from condemning a portion of their land. The court dismissed the action upon the grounds that the complaint failed to state a claim upon which relief could be granted. We affirm the judgment.
Plaintiffs are the owners of a tract of land located in the City of Golden. A north-south street known as Garden Street is adjacent to the east boundary of plaintiffs' land. Garden Street extends to the south boundary of a tract of land owned by Mayford Peery. The Peery land lies north of and adjacent to plaintiffs' land.
On October 14, 1971, pursuant to a request by Mayford Peery and others, the Council of the City of Golden adopted a resolution authorizing the institution of condemnation proceedings to acquire from plaintiffs land necessary to widen Garden Street. Plaintiffs then filed a complaint against the City, its Mayor, and Mayford Peery in which they alleged that the purpose of the condemnation proceedings authorized by the City Council was to provide access to the private lands of Mayford Peery and that the City of Golden was without right or power to condemn plaintiffs' private property for a strictly private use. Plaintiffs prayed for a "Writ of Quo Warranto or other appropriate injunction against the City of Golden and its Mayor Jon Andren or for such alternative or additional relief so as to protect the plaintiffs from the unlawful taking of their lands . . . ."
The question on appeal is: If a complaint by a landowner alleges that a proposed condemnation proceeding will result in private land being condemned for a strictly private use, does that complaint state a claim upon which relief may be granted? This question is answered in the negative.
Colorado follows the rule that an injunction action will not lie to prevent suits in eminent domain. Ambrosio v. Baker Metropolitan Water and Sanitation District, 139 Colo. 437, 340 P.2d 872; Glendale v. Denver, 137 Colo. 188, 322 P. 2d 1053; Scanland v. Board of County Commissioners, 97 Colo. 37, 46 P.2d 894; Colorado Central Power Co. v. City of Englewood, 10 Cir., 89 F.2d 233.
In Glendale v. Denver, supra, our supreme court quoted with approval the following statement in 2 J. Lewis, Eminent Domain § 646 (2d ed.):
"`A bill in equity will not lie to enjoin proceedings for condemnation, for the reason that the mere taking of such proceedings does no injury to property, and for the further reason that the grounds relied upon for an injunction may be urged in defense of the proceedings.'"
*362 Plaintiffs argue that the court should determine in the present action the merits of their contention that the proposed taking by the City is for a private use and not for a public purpose because the statute under which the City is proceeding prohibits the court from considering this objection in the condemnation proceedings. We do not agree with plaintiffs' construction of the statute. C.R.S.1963, 50-6-5, provides:
"Any defendant shall have the right to appear in said proceeding and file an answer, in writing, with the clerk of said court, at any time prior to the date fixed for the hearing of said petition, but not thereafter, in which answer, said defendant shall set forth such legal objections as he may have to the condemnation or appropriation of any property owned by him, or to the prosecution of said proceeding. At the time set for the hearing of said petition, or such time to which the hearing may have been continued by the court, the court shall proceed to hear any and all objections raised by answer, if any there be. The court shall have no power to inquire into the necessity of exercising the power of eminent domain for the purpose proposed, nor into the necessity of making the proposed improvement, nor into the necessity of taking the particular property described in the petition."
Plaintiffs' objections to the condemnation are "legal objections" to the condemnation and may be asserted in the condemnation proceedings. The power of the court to determine such objections is not limited by the provision of the statute that the court "shall have no power to inquire into the necessity of exercising the power of eminent domain." The distinction between legal objections which the court may consider in condemnation proceedings and questions of "the necessity of taking" which the court may not consider in such proceedings is stated in Pine Martin Mining Co. v. Empire Zinc Co., 90 Colo. 529, 11 P.2d 221. The court there stated:
"Questions intended to defeat the proceeding must be raised in advance and be determined by the court in limine. If, for any reason of law or fact, a petitioner is not entitled to condemn a tract, or if it should not be taken, such matters are for the court to settle in advance and do not, strictly speaking, belong to the question of necessity. Wassenich v. City & County of Denver, [67 Colo. 456, 186 P. 533]. Thus, whether or not the petitioner belongs to the class of persons entitled to condemn; whether or not the property sought to be taken belongs to the class of property that is subject to condemnation; whether or not the purpose for which the property is sought to be taken is one for which condemnation is permitted; whether or not the petitioner and the owner have been able to come to an agreement concerning a purchase of the land; and whether or not the act authorizing the proceeding is constitutionalthese and similar questions, when raised, are for the court to determine in limine." (Emphasis added.)
Any legal objections which the plaintiffs have to the condemnation proceedings which may be instituted by the City may be raised in such condemnation proceedings and not otherwise. Upon the allegations of their complaint, plaintiffs are not entitled to relief. The complaint was properly dismissed.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.